(No. 39444.—

HELEN MROCZYNSKI, Conservator of the Estate of Louis Richard Bode, Incompetent, *et al.*, Appellants, *vs.* RAYMOND M. MCGRATH, Exr., Appellee.

*Opinion filed March 24, 1966.—Rehearing denied May 18, 1966.*

HUGH M. MATCHETT and JOSEPH W. MIODUSKI, both of Chicago, for appellants.

WEINSTEIN, MYER AND NEW, of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This case raises the question of the constitutionality of that portion of section 17 of the Civil Practice Act which provides that any person who does in Illinois any of the acts

set forth in that statute submits his personal representative to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of the acts as the same applies to a personal representative appointed in another State. Necessarily present also is the question of whether the acts of the decedent were acts within the purview of section 17. Ill. Rev. Stat. 1963, chap. 110, par. 17.

Louis Richard Bode, an incompetent, age 29, by his conservator, filed complaint for declaratory judgment in the circuit court of Cook County, that the portion of the will of his father, Henry J. Bode, disinheriting him be declared null and void as being against the public policy of Illinois and of Minnesota, and that as sole heir he be declared entitled to all of his father's estate, or in the alternative that the estate be declared held in trust for his support and financial aid. The complaint also prayed for damages, including punitive damages of $50,000, to be paid in due course of administration.

The incompetent and his conservator are residents of Illinois. The conservator was appointed by the circuit court of Cook County. The defendant is executor of the estate of Henry J. Bode, father of the incompetent, by appointment of the Probate Court of Ramsey County, Minnesota, where decedent died a resident on April 7, 1964, and where his will was probated. The estate was in administration at the time of filing of this suit, with a listed net value of $35,000.

Defendant executor was served with summons in Minnesota where he resided. He filed a motion to quash service and dismiss. The court dismissed the case for lack of jurisdiction, entering an order finding that section 17 was unconstitutional and in violation of section 2 of article II of the Illinois constitution and the fourteenth amendment of the Federal constitution. Plaintiff appeals directly to this court.

The incompetent's father and mother were married in 1931 in Chicago, where the son Louis was born July 27, 1935. Later in that year the father left the mother and child

and never lived with them thereafter. In 1936 the mother obtained a divorce in the circuit court of Cook County and was awarded custody of the child and child support for him of $5 a week. In 1937 the father left Illinois, taking up residence in Minnesota, where he lived until his death. He made the support payments until 1948, when he ceased entirely all support contributions.

Louis was adjudged mentally ill in 1951 and committed to Elgin State Hospital. Thereafter, he was discharged "unimproved." In 1955 he was committed to Manteno State Hospital as mentally ill and feeble-minded with psychosis, where he was at the time of suit. His mother died in 1960, leaving a small estate to him, most of which had been applied to pay his hospital support.

The incompetent plaintiff contends that his father's acts in Illinois constituted the transaction of business in Illinois within the meaning of section 17(1)(a). He further contends his acts to have been the commission of tortious acts in Illinois within the meaning of section 17(1)(b), in that his father, from the date of leaving the mother to the date of his death, inflicted, and now his personal representative is continuing to inflict a series of legal wrongs, injustices and torts, including the continuing tort of abandonment, in violation of the legal duty and moral obligation as a father. The wrongs complained of are the destruction of the family unit and relationship terminating in the divorce, the denial of unstinted financial aid, accumulation of a large estate at the son's expense, denial of a normal home, parental affection, care, comfort, companionship and the guidance of a normal father-child relationship, so as to wilfully inflict severe emotional distress and mental suffering on him.

Defendant, by his motion to quash summons and to dismiss suit, contended that the acts alleged are insufficient to give an Illinois court jurisdiction by service of process outside of Illinois; that the cause of action asserted is not cognizable by a court of equity under the common law or

under the statutes of the State of Illinois; and that defendant executor was not a "personal representative" within the meaning of section 17, which refers to an agent, employee or representative of a living person or individual rather than of a deceased person.

The transaction-of-business concept contended for by plaintiffs would appear to consist of the establishment of a marital domicile in Illinois and the birth of a child. Obviously, such acts do not constitute the "transaction of business" within the meaning of this statute, as the words commonly used and understood mean business in the commercial aspect. To base jurisdiction on such a strained and uncommon meaning of these words well might be an unjustified exercise of State police power. A search of the historical development of this type of statute reveals that the concept here involved centers upon contracts, and the doing of business, work or services within the State. The acts alleged in this case do not fall within the meaning of section 17(1)(a).

With regard to the contention that the acts alleged to have been committed by the father were tortious acts committed within this State, only the contention of a continuing tort could confer jurisdiction in this case. It would be absurd for us to hold that the execution or probating of the father's will in a foreign State gave a cause of action in Illinois since the father had not been a resident of Illinois, and Illinois had not had any contacts with him since 1937.

Under the common law, a child could not maintain an action against his or her parents sounding in tort. This was a matter of public policy due to the interests of the State in maintaining harmony within the family. This doctrine of parental immunity was recognized and adopted as the public policy of Illinois in *Foley* v. *Foley*, 61 Ill. App. 577 and *Meece* v. *Holland Furnace Co.* 269 Ill. App. 164. We had occasion to review this principle in *Nudd* v. *Matsoukas,* 7 Ill.2d 608, where we recognized the public

policy of Illinois as declared by early decisions. We there held that while there might be sufficient justification to prevent suits for mere negligence, public policy in a case of wilful misconduct did not prevent redress of a minor from his parent, as to deprive the minor of redress in such a case would not foster family unity.

We have found no case in Illinois or elsewhere where the break-up of the family unit and the attendant results therefrom have been found to be "tortious conduct" based upon negligence, wilfulness or otherwise. Historically, and by statute, the courts have been given exclusive jurisdiction to protect the interests of minor children in connection with a divorce. The court enforces the obligations of parents for support, not as a punishment, but to enforce a natural duty in our society. The suffering of the child as a consequence of the divorce is not compensable in damages. To hold otherwise would cause the child to be an active participant in the family conflict and cause further destruction of the parent-child relationship. We do not question the right, in fact the duty, of the court to award support as an incidence to divorce, but we find no merit in the contention that damages should be awarded by reason of any such acts or conduct as are alleged in this case against the father.

The divorce decree entered between the parents in this case awarded support for the child. No attempt apparently was made to modify that decree. It determined the extent of the father's support liability and directed that the mother have the child's care and custody. As was held in *Zepeda* v. *Zepeda*, 41 Ill. App. 2d 240, "a legitimate child cannot maintain an action against his own parents for lack of affection, for failure to provide a pleasant home, for disrupting the family life or for being responsible for a divorce which has broken up the home."

We find nothing in the acts complained of against the father which would constitute tortious conduct or a tortious act within the meaning of section 17(1)(b), since no action

could be maintained in tort in this State for a recovery based upon the acts here alleged. It is therefore unnecessary to discuss the constitutional question the defendant has sought to raise.

The judgment order of dismissal is affirmed.

*Judgment affirmed.*