FRANK BUSILLO, JR., a Minor, by Frank Busillo, his Father and Next Friend, Plaintiff-Appellant, *v.* DOROTHY HETZEL, Defendant-Appellee.

First District (5th Division)    No. 77-663

Opinion filed March 31, 1978.

Robert J. Millman, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

No appearance for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, a minor, brought this action by his father against defendant, his paternal grandmother, alleging that he sustained injury as a result of her negligence. The court sustained defendant's motion to dismiss holding that she stood *in loco parentis* to plaintiff and that she therefore could not be sued by plaintiff in negligence. On appeal, plaintiff contends that defendant does not fall within the purview of the Illinois parental immunity doctrine.

Count I of plaintiff's complaint alleged that during the daylight hours of September 15, 16, 17 and 18, 1975, plaintiff, two years old, was in the care and charge of defendant. According to plaintiff's complaint, defendant negligently failed to exercise reasonable care and supervision over plaintiff permitting him to be alone in her backyard where he ingested some poisonous Japanese Yew berries. As a result he allegedly became very ill and suffered serious permanent internal injury.

Defendant's motion to dismiss pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 45) setting forth that she was plaintiff's grandmother and that the doctrine of parental immunity from suits in negligence extends to grandparents was granted. The court found that plaintiff's complaint placed defendant *in loco parentis* to plaintiff requiring allegations of willful and wanton misconduct.

Thereafter, plaintiff filed an amended complaint reasserting count I and adding a second count alleging willful and wanton misconduct. The court

reconsidered its previous ruling as to count I, but again struck it. Plaintiff then withdrew count II.

OPINION

■■ Preliminarily we note that appellee failed to file a brief as required by Supreme Court Rule 343 (Ill. Rev. Stat. 1975, ch. 110A, par. 343). However, pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we will consider the merits of this appeal instead of reversing *pro forma.*

Plaintiff first contends that contrary to the trial court's ruling defendant did not stand *in loco parentis* to him.

■■■ In order to be in the status of *in loco parentis* one must take upon himself the obligations of a parent and assume the financial burdens arising out of the relationship of a parent and child. (*Klabis v. Hoyer* (1952), 345 Ill. App. 365, 103 N.E.2d 378.) Mere affection, generosity, and exercise of care without assuming the usual financial burdens of parenthood are insufficient to place one *in loco parentis* to a child. (See *Hawkey v. United States* (E.D. Ill. 1952), 108 F. Supp. 941.) Plaintiff's complaint merely alleged defendant did not live with plaintiff and had custody for only a few days during the daylight hours. A motion brought pursuant to section 45 attacks the legal sufficiency of the complaint and admits the facts well pleaded. (Ill. Rev. Stat. 1975, ch. 110, par. 45.) Under that section "defenses which are factual in their nature rather than legal are not available to defendants on a motion to dismiss, but should be set forth in their answer." (*Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 586, 325 N.E.2d 799, 808.) At the very least, the instant pleadings raise a question of fact as to whether defendant, not being plaintiff's parent, but a grandparent, stood *in loco parentis* to him.

■■ Accordingly, the court erred when it ruled that the relationship existed as a matter of law. We are aware that the relationship of *in loco parentis* has been extended to teachers, who are nonfamily members. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.) However, such extensions of the law have been done statutorily (*e.g.,* Ill. Rev. Stat. 1975, ch. 122, pars. 24—24, 34—84a) and we know of none which grants grandparents the status of *in loco parentis.*

Since the order of dismissal must be reversed and the cause remanded, in the interest of judicial economy we consider whether a grandparent having temporary custody and control of a minor falls within the purview of the Illinois parental immunity doctrine.

The parental immunity doctrine holds that a child may not recover damages for injuries sustained due to a parent's ordinary negligence. (*Mroczynski v. McGrath* (1966), 34 Ill. 2d 451, 216 N.E.2d 137.) The justification for this doctrine may be found "in a reluctance to create

litigation and strife between members of the family unit." (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 619, 131 N.E.2d 525, 531.) However, "the rationale behind the rule loses its persuasive force as one considers situations involving other than the actual parent." (*Gulledge v. Gulledge* (1977), 51 Ill. App. 3d 972, 974, 367 N.E.2d 429, 431.) Accordingly, we agree with the court in *Gulledge* and refuse to extend the parental immunity doctrine in the instant case. Generally, grandparents are not members of the family unit and have only temporary custody and control of the minor. As we noted earlier defendant did not live with plaintiff and had only temporary custody of him. Consequently, any application of the doctrine here would not foster family unity, but instead would deprive plaintiff of redress without any corresponding social benefit. See *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 619, 131 N.E.2d 525, 531.

Moreover, we observe as the *Gulledge* court did that even in cases involving the actual parent, the parental immunity doctrine has found little favor in Illinois courts. Thus, where the negligence took place outside the family (*Schenk v. Schenk* (1968), 100 Ill. App. 2d 199, 241 N.E.2d 12) or the parent died after the allegedly negligent act (*Johnson v. Myers* (1972), 2 Ill. App. 3d 844, 277 N.E.2d 778) the rule has not been applied. In addition, in their dissent in *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, three justices of our Supreme Court questioned the very existence of the doctrine stating that it had never decided the question of parental immunity in actions for negligence. 63 Ill. 2d 165, 178-79, 347 N.E.2d 705, 712.

■■ In light of the limited social benefit derived from applying the doctrine to members outside the family unit as well as the reluctance of Illinois courts to employ it even in cases involving the actual parent, we decline to extend the parental immunity doctrine to grandparents having only temporary custody and control over the child.

For the foregoing reasons the judgment of the circuit court is reversed and this cause is remanded for proceedings not inconsistent with the opinion expressed herein.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.