JOHN J. PATTI, a Minor, by Joanne Rich, his Mother and Next Friend, Plaintiff-Appellee, *v.* JOHN D. PATTI *et al.,* Defendants-Appellants.

First District (2nd Division)    No. 77-1751

Opinion filed September 26, 1978.

John J. Bullaro, Jr., of Chicago (Pretzel, Stouffer, Nolan & Rooney, of counsel), for appellants.

William N. Anthony, of Chicago, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant brings this interlocutory appeal from that portion of an order of the circuit court dated August 1, 1977, which denied his motion to strike and dismiss count I of plaintiff's fifth amended complaint. Appeal is pursuant to a petition for leave to appeal under Supreme Court Rule 308. (Ill. Rev. Stat. 1977, ch. 110A, par. 308.) On December 20, 1977, this court granted the petition for leave to appeal.

The trial court has certified the following question for review:

"Does the doctrine of parental immunity bar an action brought against a natural father for injuries sustained by his unemancipated minor child, where the action is pursuant to a statute dealing with the liability of dog owners (Chap. 8, section 366, Ill. Rev. Stat. 1975, entitled *Liability of Owner of Dog attacking or injuring person*), where the child was staying with the father in the father's home for a period of one month pursuant to visitation rights under the terms of a divorce decree; the natural mother having been granted full custody rights subject to visitation by that decree."

This question suggests to us two issues. The first is whether the doctrine of parental tort immunity is a defense to an action under the dog-bite statute. The second, which assumes an affirmative answer to the first, is

the effect, if any, of the divorce of plaintiff's parents on the operation of the parental immunity doctrine.

Defendant's pleadings in the court below indicate that he placed considerable importance upon a resolution of the latter question. His brief to this court, however, relies only upon cases which confirm the unchallenged proposition that there is a rule of law in Illinois commonly referred to as the parental tort immunity doctrine. *Mroczynski v. McGrath* (1966), 34 Ill. 2d 451, 216 N.E.2d 137; *Schenk v. Schenk* (4th Dist. 1968), 100 Ill. App. 2d 199, 241 N.E.2d 12; *Cosmopolitan National Bank of Chicago v. Heap* (1st Dist. 1970), 128 Ill. App. 2d 165, 262 N.E.2d 826.

Plaintiff's position, stated in highly conclusionary terms, is that defendant's conduct was wilful and wanton and outside of the scope of the family relationship, and that therefore, the parental tort immunity doctrine has no application to this case. (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 131 N.E.2d 525; *Aurora National Bank v. Anderson* (2nd Dist. 1971), 132 Ill. App. 2d 217, 268 N.E.2d 552; *Johnson v. Myers* (2nd Dist. 1972), 2 Ill. App. 3d 844, 277 N.E.2d 778.) We are thus faced with a situation in which the briefs do not appear to address the two issues raised by the certified question. All of this suggests that the parties to this appeal perceive the issues as being something other than as we have stated. The record on appeal does not resolve these difficulties, nor will we speculate as to the precise questions sought to be answered.

Accordingly, this appeal is dismissed.

Dismissed.

STAMOS, P. J., and PERLIN, J., concur.