JOHN W. CHAMNESS, Indiv. and as Adm'r of the Estate of Stephanie Ann Chamness, Deceased, Plaintiff-Appellant, v. DOUGLAS D. FAIRTRACE *et al.*, Defendants-Appellees.

Fifth District No. 5—86—0418

Opinion filed July 22, 1987.

William F. Meehan, P.C., of Cairo, for appellant.

Bleyer & Bleyer, of Marion, for appellee Dawn R. Chamness.

No brief filed for appellee Douglas D. Fairtrace.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff, John W. Chamness, individually and as administrator of the estate of Stephanie Ann Chamness, deceased, brought a wrongful death action (Ill. Rev. Stat. 1985, ch. 70, par. 1 *et seq.*) against defendants, Dawn R. Chamness and Douglas Fairtrace. This appeal concerns only plaintiff's action against Dawn, Stephanie's mother. Plaintiff's amended complaint alleges the following: Dawn and Fairtrace were involved in an automobile collision; at the time of the collision Dawn was pregnant with Stephanie, a viable unborn fetus; Stephanie was stillborn; Dawn's negligence was a proximate cause of Stephanie's death; and Stephanie's injuries and death arose out of an activity unrelated to the family relationship in that Dawn was driving her car to a store for the purpose of purchasing a soft drink for her own consumption. Plaintiff is the husband of Dawn and the father of the stillborn child. Plaintiff requested damages in excess of $15,000. The trial court granted Dawn's motion to dismiss on the basis of the parental tort immunity doctrine and found that there was no just reason for delaying enforcement or appeal (107 Ill. 2d R. 304(a)).

On appeal, plaintiff contends that the parental tort immunity doctrine is inapplicable where the parent-child relationship has been dissolved by the death of the child and that the doctrine does not apply to the facts of this cause because Dawn's conduct was not directly connected with family purposes and objectives. The issue is whether

the parental tort immunity doctrine, or some consideration of public policy, should bar the administrator of the estate of a stillborn fetus from maintaining a wrongful death action (Ill. Rev. Stat. 1985, ch. 70, par. 1 *et seq.*) for the benefit of the decedent's next of kin, presumably the surviving parent, against a parent who is guilty of negligent conduct. Theoretically, although perhaps not realistically, should a recovery be obtained (and we note the difficulty of determining damages; see *Hunt v. Chettri* (1987), 158 Ill. App. 3d 76), the defendant mother could not share in the recovery, nor could the damages include any compensation for her pecuniary loss, a matter left to the jury's discretion under proper instructions. (*Kinsch v. DiVito Construction Co.* (1964), 54 Ill. App. 2d 149, 156-59, 203 N.E.2d 621, 625-26.) This is based on the concluding paragraph of section 2 of the Wrongful Death Act (Act), which provides:

"[I]t shall not be a defense that the death was caused in whole or in part by the contributory negligence of one or more of the beneficiaries on behalf of whom the action is brought, but the amount of damages given shall not include any compensation with reference to the pecuniary injuries resulting from such death, to such contributorily negligent person or persons, and such contributorily negligent person or persons shall not share in any amount recovered in such action." Ill. Rev. Stat. 1985, ch. 70, par. 2.

■■■ The parental tort immunity doctrine bars a child from maintaining an action for damages against his or her parent. (*Foley v. Foley* (1895), 61 Ill. App. 577.) The doctrine has been justified on the basis that allowing a child to sue a parent for a personal tort would (1) disrupt family harmony, (2) encourage collusion, perjury and fraud between family members, and (3) impair parental authority and discipline. (*Stallman v. Youngquist* (1987), 152 Ill. App. 3d 683, 690-91, 504 N.E.2d 920, 924.) The courts have created several exceptions to this rule. The doctrine does not apply to suits based upon willful and wanton conduct (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 131 N.E.2d 525), nor does it apply when the parent's negligent conduct has no direct connection with the "family relationship," a nebulous concept difficult of application, as the decided cases illustrate. (Compare *Eisele v. Tenuta* (1980), 83 Ill. App. 3d 799, 404 N.E.2d 349, with *Schenk v. Schenk* (1968), 100 Ill. App. 2d 199, 241 N.E.2d 12.) Relying on *Johnson v. Myers* (1972), 2 Ill. App. 3d 844, 277 N.E.2d 778, plaintiff maintains that application of the doctrine is not justified where the parent-child relationship has been severed by death. In *Johnson*, the court held that a minor child may recover damages for personal in-

juries caused by the negligence of a parent in the operation of a car where the parent died subsequent to the injury. (2 Ill. App. 3d 844, 846, 277 N.E.2d 778, 779.) Defendant maintains that the instant facts are more analogous to those in *Marsh v. McNeill* (1985), 136 Ill. App. 3d 616, 622, 483 N.E.2d 595, in which the administratrix of the estate of the deceased parent brought a wrongful death action against the decedent's daughter. The accident occurred while the defendant daughter was driving her mother, deceased, on a shopping trip. No contention was made that the alleged negligent conduct occurred outside the family relationship. The court held that the doctrine applies to suits brought by parents against their children and that, because the decedent parent could not have sued her daughter for negligent conduct occurring within the family relationship had she lived, the administratrix could not bring suit on her behalf. (136 Ill. App. 3d 616, 622, 483 N.E.2d 595, 599.) *Marsh* distinguished *Johnson* and reasoned that a suit brought by the administrator of a deceased parent's estate is just as disruptive of family harmony as if the parent herself had filed suit and because, in *Johnson*, the decedent was also the tortfeasor, whereas in *Marsh* the tortfeasor was alive. *Marsh v. McNeill* (1985), 136 Ill. App. 3d 616, 622, 483 N.E.2d 595, 599.

Recently, this court has further abrogated the parental tort immunity doctrine. In *Stallman v. Youngquist* (1987), 152 Ill. App. 3d 683, 692, 504 N.E.2d 920, 925, the court held that "an unemancipated minor child may recover damages in an action brought against a parent for personal injuries caused by the negligence of the parent in the operation of a motor vehicle." In so holding, the court obviated the requirement that plaintiff establish that the negligent conduct was not directly connected with family purposes and objectives (*Schenk v. Schenk* (1968), 100 Ill. App. 2d 199, 241 N.E.2d 12) under the limited circumstances of the case: an automobile tort action brought by an unemancipated minor child against a parent. *Stallman v. Youngquist* (1987), 152 Ill. App. 3d 683, 693, 504 N.E.2d 920, 926.

The plaintiff in *Stallman* sustained, *in utero*, serious injuries that became apparent at her birth. (152 Ill. App. 3d 683, 685, 504 N.E.2d 920, 921.) Therefore, had Stephanie lived, she would have been able, in accordance with *Stallman*, to maintain an action for damages for personal injuries resulting from her mother's negligent operation of an automobile. We believe that the rationale advanced in *Stallman* for abrogating the parental tort immunity doctrine does not apply with equal force here. Although the doctrine has been held to apply to a parent's suit against his or her minor child, the court in *Stallman* focused on the unfairness of a "rule of law which in one sweep disquali-

fied an entire class of injured minors" and the need to afford children the "same right to protection and to legal redress for wrongs done them as others enjoy." (152 Ill. App. 3d 683, 691, 504 N.E.2d 920, 924-25.) Here, the beneficiaries of plaintiff's wrongful death action are the parents. (Ill. Rev. Stat. 1985, ch. 70, par. 2.) Defendant, as Stephanie's mother, could benefit from her own negligence notwithstanding the prohibition of section 2 of the Act considering that plaintiff and defendant are husband and wife.

In *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 609-10, 131 N.E.2d 525, 526, the administrator of the estates of the deceased wife and daughter brought a wrongful death action against the husband-father. The supreme court held that the negligence of the defendant-beneficiary does not bar a wrongful death action where there are both negligent and innocent beneficiaries but, rather, prevents the defendant-beneficiary's right to recover for pecuniary loss. (7 Ill. 2d 608, 616, 131 N.E.2d 525, 529.) Similarly, in *Kinsch v. DiVito Construction Co.* (1964), 54 Ill. App. 2d 149, 156-59, 203 N.E.2d 621, 625-26, the minor children of the deceased mother's estate were allowed to recover for pecuniary loss although the decedent's husband, who was found to be contributorily negligent, was barred from such recovery.

We have found no cases, however, in this State, or any other State, dealing with the precise circumstances presented here. To allow this cause of action to proceed in spite of the defendant-beneficiary's negligence on the basis that the husband-father, as an innocent beneficiary, should be allowed to recover for pecuniary loss, even though defendant is barred from such recovery, ignores the reality that any recovery will inure to defendant through the husband-wife relationship. The possibility of collusion aimed at an unjustified recovery is evident. Although the court in *Marsh v. McNeill* (1985), 136 Ill. App. 3d 616, 622, 483 N.E.2d 595, 599, did not directly address this anomaly in determining whether the administratrix of the deceased parent's estate could maintain a wrongful death action against the decedent's daughter, we believe that the court alluded to the problem when it distinguished *Johnson* on the basis that "here the tortfeasor is alive." We also note that the recent decision of *Zawaski v. Frainey* (1986), 149 Ill. App. 3d 1045, 501 N.E.2d 870, which concerned a wrongful death action brought by the administrator of a deceased parent's estate against the other parent based upon negligence in the operation of an automobile, is also distinguishable because that action was brought on behalf of the parent's minor child.

■ We conclude that, under the limited circumstances of this cause, the trial court properly dismissed plaintiff's cause of action on

the basis of the parental tort immunity doctrine. For the reasons given, the judgment of the circuit court of Franklin County is affirmed.

Affirmed.

WELCH and KASSERMAN, JJ., concur.