SUSAN LAWBER, Special Adm'r of the Estate of Kristen L. Bradley, Deceased, Plaintiff-Appellant, v. RITA L. DOIL *et al.*, Defendants (Susan Lawber, Indiv., Plaintiff; Carl L. Lawber, Jr., Defendant-Appellee).

Fourth District   No. 4—89—0219

Opinion filed December 5, 1989.

G. Keith Phoenix and Eric M. Trelz, both of Shepherd, Sandberg & Phoenix, P.C., of St. Louis, Missouri, for appellant.

Loos, Schnack & Siebers, of Quincy (Kent R. Schnack, of counsel), for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

On July 2, 1987, the plaintiff Susan Lawber filed a complaint in the circuit court of Pike County on behalf of herself and the estate of her deceased daughter Kristen Bradley. The complaint alleged her daughter's death was due to the negligence of the defendants in the operation of motor vehicles. The decedent was killed when the motorcycle on which she was riding, driven by her stepfather, defendant Carl Lawber, collided with an automobile.

On September 15, 1987, defendant Carl Lawber filed a motion to dismiss counts VII, VIII, and IX of the plaintiff's complaint, arguing these counts were barred by the doctrine of parental immunity. On February 24, 1988, the circuit court granted the defendant's motion and entered an order dismissing both counts VII and VIII on the grounds that the defendant stood *in loco parentis* to the deceased and was protected from liability by the parental tort immunity doctrine. On March 24, 1988, the plaintiff filed for an interlocutory appeal under Supreme Court Rule 308. (107 Ill. 2d R. 308.) The motion was then taken under advisement pending the decision of the Illinois Supreme Court in the case of *Stallman v. Youngquist* (1988), 125 Ill. 2d 267, 531 N.E.2d 355. On February 24, 1989, the circuit court granted the plaintiff's motion for interlocutory appeal based on the *Stallman* decision. On February 28, 1989, the circuit court certified the question "whether this court erred in dismissing counts VII and VIII of plaintiff's complaint for the reason that these counts are barred by the parental immunity doctrine." On March 14, 1989, an application for leave to appeal was filed with this court which we granted on March 29, 1989.

■ Before proceeding to the merits of this appeal, we briefly consider the defendant's objection to this court's jurisdiction based on Supreme Court Rule 308. (107 Ill. 2d R. 308.) Contrary to the defendant's contention, we find the question presented here is one of

law, which has been properly certified by the trial court under Rule 308. We therefore proceed to consider the certified question.

The circuit court here dismissed two counts of the plaintiff's complaint against her husband on the grounds these counts were barred by the doctrine of parent-child tort immunity. The affidavits presented at the motion hearing showed the defendant was not the decedent's natural father, nor did he have legal custody of the decedent, which lay with the plaintiff. They showed the plaintiff, defendant, decedent, and the plaintiff and defendant's natural child formed a family unit and carried out the normal functions of family life together. The defendant stated he treated the decedent as his own child. He disciplined, advised, cared for, and gave affection to the decedent. These affidavits were unopposed. The evidence also showed the defendant was engaged in starting his own business. As a result of his low income and desire to reinvest all available money into the growth of his business, he essentially received no income and made no contribution to the support of the family.

■ The doctrine of parental tort immunity is one of long standing in Illinois. This immunity applies not only to the natural parents of the child, but also to those who stand *in loco parentis*. (*Busillo v. Hetzel* (1978), 58 Ill. App. 3d 682, 374 N.E.2d 1090.) In that case, the court held a person who merely exercised the parental attributes of affection, generosity, and care without assuming the usual financial burdens of parenthood does not stand *in loco parentis* to a child. In this case, plaintiff maintains the defendant made no financial contributions to the support of his stepchild and cannot stand *in loco parentis*. However, the court in *Busillo* did not write only of making any financial contribution for the upkeep of a child, but rather, of the assumption of the usual financial burdens of parenthood. The question before us is not whether the defendant made a financial contribution, but whether he had assumed the financial burdens of parenthood.

In *People v. Parris* (1971), 130 Ill. App. 2d 933, 267 N.E.2d 39, the appellate court was called upon to determine whether a stepfather stood *in loco parentis* for the purposes of a child protective statute. There, the court noted the defendant was not always capable of providing support to his family and the family was frequently on public aid. However, it also found the entire family lived under the same roof and ate at the same table from a common source of support. On this basis, the trial court found the jury's decision to find the defendant was a foster parent for the purposes of the statute and stood *in loco parentis* was not against the manifest weight of

the evidence. Similar reasoning was followed in *People v. Warner* (1981), 98 Ill. App. 3d 433, 424 N.E.2d 747. Once again, in a criminal case the court considered a situation where the defendant acted as a stepfather or foster parent to a child. Again, as in *Parris*, the father did not provide steady financial support to the family or to the individual child. The court upheld a jury's finding the defendant stood *in loco parentis* to the child as not being against the manifest weight of the evidence.

■ The doctrine of parental tort immunity is a judicially created doctrine recognized in order to promote family harmony and unity, to discourage collusion, perjury, and fraud between family members, and to prevent the undermining of parental authority. (*Chamness v. Fairtrace* (1987), 158 Ill. App. 3d 325, 511 N.E.2d 839.) The ongoing validity of this doctrine has recently been confirmed by the Illinois Supreme Court in *Stallman*. In *Chamness* the court upheld the dismissal of several counts in a complaint filed by the father of an unborn fetus against the mother for negligence in a wrongful death action. The court held the cause of action stated in the dismissed counts was barred by the parental immunity doctrine. It reasoned the actual beneficiary of the tort action was not the injured party, *i.e.*, the decedent, but the parents. This undermined the rationale used to support an exception to the immunity doctrine, the need to provide protection to the victims of tortious acts. It particularly noted the likelihood the tortfeasor parent could benefit from his or her own malfeasance through the marital relationship. This diminishes any deterrent effect which a tort action might have and would encourage the type of collusion which the doctrine was intended to eliminate.

■ It is in keeping with the public policy represented by the *Chamness* decision to affirm the trial court here. The evidence presented showed the plaintiff, defendant, and decedent, along with the couple's natural child, formed a family. Defendant here was not a casual acquaintance of the family, nor a temporary guardian of the child. He was the husband of the child's natural mother and behaved in all ways as a father to the child. To hold the defendant in this case did not stand *in loco parentis* only on the grounds of lack of support for the individual child would mean jeopardizing the unity of the family on the basis of the employment or economic status of one of the heads of household.

We find it is in keeping with the State's policy of promoting family unity and harmony to hold, as did the trial court, that where there is a viable family unit, parental tort immunity should be upheld. The

trial court did not err in dismissing counts VII and VIII of plaintiff's complaint. These counts are barred by the parental immunity doctrine.

Affirmed.

McCULLOUGH and STEIGMANN, JJ., concur.