MARY A. EDGINGTON, Plaintiff-Appellant, v. EARL E. EDGINGTON, Defendant-Appellee.

Third District   No. 3—89—0279

Opinion filed January 10, 1990.

Bradley W. Swearingen, of Moehle, Swearingen & Associates, Ltd., of Washington, for appellant.

James M. Voelker and Karen L. Kendall, both of Heyl, Royster, Voelker & Allen, of Peoria (Rex K. Linder, of counsel), for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Mary Edgington, filed suit against the defendant, Earl Edgington, her former husband, seeking to recover damages for the death of their nine-year-old son, Eric. Eric was a passenger in the defendant's vehicle when the defendant allegedly fell asleep at the wheel and the defendant's automobile crashed into a guardrail off Interstate 474 in Peoria County, Illinois. At the time of the accident, the defendant-father was exercising his right of visitation with his son.

The trial court granted the defendant's motion to dismiss counts I and II of the plaintiff's second amended complaint, which sought recovery under the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, pars. 1, 2) and the Survival Act (Ill. Rev. Stat. 1985, ch. 110½, par. 27—6), based on the parental tort immunity doctrine. The defendant also moved to dismiss counts IV, V, and VI of the plaintiff's second amended complaint for failure to state a cause of action for wilful and wanton negligence, which the trial court granted. The plaintiff appeals the dismissal of these counts. We affirm.

The plaintiff's first contention is that the trial court erred in ruling that the doctrine of parental tort immunity is a bar to counts I and II of the complaint, which are causes of action grounded in negligence. The plaintiff argues that an exception to the parental tort immunity doctrine should be applied under the facts of this case. We do not agree.

■■ The doctrine of parental tort immunity provides that children may not maintain suits against their parents for mere negligence within the scope of the parental relationship. (*Illinois National Bank & Trust Co. v. Turner* (1980), 83 Ill. App. 3d 234.) Although there have been recent attempts to abrogate parental immunity, the Illinois Supreme Court has refused to nullify the doctrine. (*Stallman v. Youngquist* (1988), 125 Ill. 2d 267.) The public policy behind the doctrine is the avoidance of disrupting a harmonious family relationship, the avoidance of collusive claims, and the undermining of parental au-

thority and discipline. *Chamness v. Fairtrace* (1987), 158 Ill. App. 3d 325.

■ The plaintiff argues that this case comes within an exception to the parental tort immunity doctrine that was set forth in *Johnson v. Myers* (1972), 2 Ill. App. 3d 844. In *Johnson*, the issue was whether the doctrine barred an action by unemancipated minors to recover damages for personal injuries caused by the negligence of a parent in the operation of an automobile where the parent died subsequent to the accident. The court found that the family relationship was severed by the death of the alleged tortfeasor and that parental tort immunity should not apply to the deceased mother.

This court in *Marsh v. McNeill* (1985), 136 Ill. App. 3d 616, declined to follow the reasoning of *Johnson* in a situation where the administrator of a deceased parent brought suit against an unemancipated minor who was allegedly negligent in the operation of an automobile. *Marsh* distinguished *Johnson* and found that an action brought by the administrator of a deceased parent's estate is just as disruptive of family harmony as if the parent herself had filed suit. The *Marsh* court further noted that, in *Johnson*, the decedent was also the tortfeasor, whereas in *Marsh* the tortfeasor was alive. In the instant case, we agree with the trial court that the reasoning in *Marsh* should control. The mother, as administrator of the deceased child's estate, is bringing suit against the father-tortfeasor, who is still alive. Eric, had he survived, would not have been able to bring an action against his father because of parental tort immunity. Similarly, Eric's mother should not be able to maintain such an action.

■ The plaintiff next claims that the parental tort immunity doctrine should not be applied because the defendant's negligence occurred outside the scope of the family relationship. (*Schenk v. Schenk* (1968), 100 Ill. App. 2d 199.) This argument has no merit. The defendant-father was driving home from work at the time of the accident. His son was in the vehicle because the father was exercising his visitation rights. As was stated in *Johnson*, "[i]n a modern society the motor vehicle plays an intimate and necessary part in the accomplishment of many family purposes." (*Johnson*, 2 Ill. App. 2d at 846.) Therefore, this court finds that the conduct in question arose out of and was in furtherance of the father-son relationship.

■ The plaintiff also contends that the parental tort immunity doctrine should not be applied to bar a claim against a noncustodial parent. This court recently addressed this issue as one of first impression in *Ackley v. Ackley* (1988), 165 Ill. App. 3d 231. In *Ackley*, the court held that the noncustodial status of a parent was not a recog-

nized exception to the parental tort immunity doctrine and that an exception based on the custodial status of the parties should only be made by the Illinois Supreme Court. We continue to agree with our reasoning in *Ackley* and conclude that the plaintiff's argument is meritless.

■■■ Finally, the plaintiff argues that counts IV, V, and VI of the plaintiff's second amended complaint sufficiently stated a cause of action for wilful and wanton conduct on the part of the defendant and that the trial court erred in dismissing those counts. Proper allegations of wilful and wanton conduct are not barred by the doctrine of parental tort immunity. (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608.) In *Setinc v. Masny* (1989), 185 Ill. App. 3d 15, this court reviewed what constituted sufficient wilful and wanton allegations in the context of the parental tort immunity doctrine. The *Setinc* court found that the plaintiff must show that the defendant's conduct was

> "[i]ntentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by the exercise of ordinary care." (*Setinc*, 185 Ill. App. 3d at 19, citing *Klatt v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 481.)

In the case at bar, we find that the trial court did not err in dismissing counts IV through VI. The trial court apparently concluded that the plaintiff's allegations that the defendant, while in a state of fatigue, drove his automobile recklessly off the interstate and into a guardrail did not rise to the level of wilful and wanton conduct. We agree.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.