LEASHA RENEE BENNETT, a Minor, by Carlinville National Bank, her Guardian, Plaintiff-Appellant, v. KENNETH GENE LAHR, d/b/a Lahr's Milk Service, Defendant-Appellee.

Fourth District   No. 4—92—0694

Opinion filed May 6, 1993.

Thomas P. Burns, of Phelps, Kasten, Verticchio & Ruyle, of Carlinville, for appellant.

Dennis E. Rose and Georgiann Oliver, both of Donovan, Rose, Nester & Szewczyk, P.C., of Belleville, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Leasha Renee Bennett, a minor, represented by her guardian, Carlinville National Bank, appeals from the Macoupin County circuit court's ruling granting defendant Kenneth Gene Lahr's motion for summary judgment in a negligence action based on *respondeat superior*. She argues summary judgment was improper because the parent-child immunity doctrine ought not apply when the child's injuries result from an automobile accident which occurred while her father was driving his employer's vehicle during work hours. She also contends if immunity applies to these facts, her father should have been permitted to waive his immunity. We reverse the entry of summary judgment in favor of defendant. Based on the facts as presently outlined, this occurrence *may* fall outside the immunity doctrine. The mere fact that Leasha's injuries occurred when she was riding with her father while he was delivering milk does not, as a matter of law, constitute a family purpose situation.

## I. Facts

Leasha is the minor daughter of James E. Bennett, who was not a named party in the litigation. James worked for defendant Lahr in his business, Lahr's Milk Service, as a driver. On August 7, 1987, Leasha rode in the bulk milk truck with James on his route. He picked up milk from various farms in Macoupin and Jersey Counties. Late that morning, James' milk truck left the road and overturned. Leasha was injured. She sustained cuts, bruises, and trauma, and may need future medical treatment. As an agent of defendant, James allegedly operated the vehicle negligently.

The trial judge granted summary judgment in favor of defendant. He concluded the parent-child immunity doctrine, as implicitly adopted by the Illinois Supreme Court, bars a child from bringing an action against his or her parent for mere negligence, though an action may lie in the case of willful and wanton misconduct. If Leasha's father, the employee, could not be held liable, his employer, defendant, also could not be liable.

## II. Standard Of Review

Summary judgment should be granted only when "the pleadings, depositions, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); see also *Logan v. Old Enterprise Farms, Ltd.* (1990), 139 Ill. 2d 229, 233-34, 564 N.E.2d 778, 780; *Suhadolnik v. City of Springfield* (1989), 184 Ill. App. 3d 155, 164, 540 N.E.2d 895, 899-900.) It is a drastic means of dismissing litigation and should be granted only when the " 'right of the moving party is clear and free from doubt.' " *Logan*, 139 Ill. 2d at 233-34, 564 N.E.2d at 780, quoting *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.

Entry of summary judgment is not within the trial judge's discretion. In reviewing entry of summary judgment, the appellate court considers the facts and law related to the case as if the case were being heard for the first time. (*Shull v. Harristown Township* (1992), 223 Ill. App. 3d 819, 824, 585 N.E.2d 1164, 1167; *Illinois Municipal League Risk Management Association v. Seibert* (1992), 223 Ill. App. 3d 864, 869, 585 N.E.2d 1130, 1134.) The issue raised in this appeal is whether, as a matter of law, the parent-child immunity doctrine precluded Leasha from bringing a negligence action against defendant based on the *respondeat superior* theory.

### III. PARENT-CHILD IMMUNITY DOCTRINE

■ Defendant provides a review of Illinois Supreme Court cases as demonstrating the court has adopted the parent-child immunity doctrine, which bars children or parents from maintaining actions against each other for mere negligence. (See *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 618-19, 131 N.E.2d 525, 531; *Mroczynski v. McGrath* (1966), 34 Ill. 2d 451, 454-55, 216 N.E.2d 137, 139; *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 170, 347 N.E.2d 705, 708; *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 49, 373 N.E.2d 1323, 1324.) Although we agree the court has implicitly adopted the doctrine, the issue is whether the family purpose *exception* to this doctrine, which was established by this district (*Schenk v. Schenk* (1968), 100 Ill. App. 2d 199, 241 N.E.2d 12), has been abolished by the Illinois Supreme Court.

In *Schenk*, the father brought a negligence action against his daughter to recover damages incurred when she ran into him while she was driving an automobile and he was a pedestrian. This court concluded the trial judge erred by granting defendant's motion to dismiss because the incident was wholly unrelated to the family relationship. The duty which defendant daughter breached was the same duty

owed to all pedestrians. *Schenk*, 100 Ill. App. 2d at 206, 241 N.E.2d at 15.

Public policy reasons expressed in *Schenk* as supporting the parent-child immunity doctrine were to maintain harmony, avoid strife, and insure a proper atmosphere of cooperation, discipline and understanding in the family. (*Schenk*, 100 Ill. App. 2d at 202, 241 N.E.2d at 13.) None of these concerns are evoked when there is no connection between the accident and the family relationship. *Schenk*, 100 Ill. App. 2d at 206, 241 N.E.2d at 15.

Defendant argues summary judgment was proper because the family purpose exception to the immunity doctrine is no longer available since the Illinois Supreme Court decision in *Stallman v. Youngquist* (1988), 125 Ill. 2d 267, 531 N.E.2d 355 (hereinafter *Stallman III*). In the initial ruling on appeal in *Stallman v. Youngquist* (1984), 129 Ill. App. 3d 859, 473 N.E.2d 400 (hereinafter *Stallman I*), a minor brought suit against her mother and another driver for prenatal injuries she allegedly sustained during a collision between her mother's vehicle and another vehicle. The appellate court reversed the trial judge's dismissal of plaintiff's action which was based on the parent-child immunity doctrine. In doing so, the appellate court recognized the exception to the immunity doctrine which had been set out in a previous ruling by this district. This exception is applied when the injuries are unrelated to the objectives or purposes of the family. *Stallman*, 129 Ill. App. 3d at 864, 473 N.E.2d at 403.

On remand, the trial court again concluded the parent-child immunity doctrine applied to the case. In *Stallman v. Youngquist* (1987), 152 Ill. App. 3d 683, 689-92, 504 N.E.2d 920, 923-25 (hereinafter *Stallman II*), *rev'd* (1988), 125 Ill. 2d 267, 531 N.E.2d 355, the appellate court again reversed this ruling and concluded the immunity doctrine should be abolished and could be by courts of review because the Illinois Supreme Court had not adopted the immunity rule.

Defendant directs us to the following statement in the ensuing Illinois Supreme Court opinion in *Stallman III*:

> "Insofar as *Stallman I* and *Stallman II* purport to effect a change in the status of the parental immunity doctrine as it existed before the appeal to the *Stallman I* court, the judgments are vacated." *Stallman III*, 125 Ill. 2d at 271, 531 N.E.2d at 356.

Defendant argues this statement reveals the family relationship exception to the doctrine is no longer available because the Illinois Supreme Court vacated the first district's ruling based on that exception. However, the quoted statement indicates only that the *Stallman*

*I* and *Stallman II* rulings regarding parent-child immunity should not represent *a change* in previous case law.

We disagree with defendant's contention that this exception was barred by the supreme court in *Stallman III*. The family purpose exception to the immunity doctrine was recognized well before the *Stallman III* ruling. Therefore, the appellate ruling in *Stallman I* did not represent a *change in the status* of the parent-child immunity doctrine in this district. Further, the supreme court in *Stallman III* expressly stated:

> "Neither the *Stallman I* court nor the *Stallman II* court adequately addressed the preliminary issue whether a cause of action by or on behalf of a fetus, subsequently born alive, may be asserted against its mother for the unintentional infliction of prenatal injuries. *This court holds that such a cause of action shall not be recognized.*
>
> *This holding makes unnecessary the consideration of the issue of the parental immunity doctrine.* Accordingly, we do not consider defendant's arguments concerning *stare decisis* and the doctrine of the law of the case, both of which were directed to the *Stallman II* court's decision on the parental immunity doctrine. Insofar as *Stallman I* and *Stallman II* purport to effect a change in the status of the parental immunity doctrine as it existed before the appeal to the *Stallman I* court, the judgments are vacated." (Emphasis added.) *Stallman III*, 125 Ill. 2d at 270-71, 531 N.E.2d at 356.

Defendant also directs us to an observation made in a recent ruling of this district that the "ongoing validity of this doctrine has recently been confirmed by the Illinois Supreme Court in *Stallman [III]*." (*Lawber v. Doil* (1989), 191 Ill. App. 3d 323, 326, 547 N.E.2d 752, 754.) The validity of the doctrine may have been confirmed by the Illinois Supreme Court; however, nothing in the *Stallman III* ruling requires courts of review to refuse to recognize previous exceptions to the doctrine, or to cease recognizing new exceptions when appropriate. The requirement recognized by this district that the injury must have been related to a family activity still exists and is relevant to the outcome of this case. We recognize the doctrine, but we also recognize the family purpose exception recognized in *Schenk*, which has never been overruled.

Defendant notes the fifth district recently abolished the immunity doctrine as it applied to automobile cases in *Cates v. Cates* (1992), 225 Ill. App. 3d 509, 517, 588 N.E.2d 330, 335, *appeal allowed* (1992), 146 Ill. 2d 624. Defendant argues, however, this ruling is erroneous be-

cause, contrary to the majority view in *Cates*, as a court of review it lacked the authority to recognize this exception to the doctrine because the Illinois Supreme Court had previously adopted the doctrine.

Although we express no view on the validity of the *Cates* ruling, we note the supreme court's adoption of the doctrine does not automatically preclude courts of review from considering exceptions to the doctrine. The validity of the *Cates* ruling does not control the outcome of this case.

Plaintiff argues in her brief the parent-child immunity doctrine ought not bar her from bringing a negligence claim against defendant. She directs us to *Lawber* (191 Ill. App. 3d at 326, 547 N.E.2d at 754), in which this court relied on a rationale suggested by the fifth district for the parent-child immunity doctrine, *i.e.*, the beneficiary of the tort action might ultimately be the negligent parent and not the injured child (see *Chamness v. Fairtrace* (1987), 158 Ill. App. 3d 325, 329, 511 N.E.2d 839, 841). This outcome undermines support for an exception to the immunity doctrine.

Initially, we note plaintiff's brief incorrectly characterizes the *Chamness* reasoning as originating in the "Supreme Court." Plaintiff contends the concern that her father could benefit from the litigation rather than her benefitting is diminished in this case because a guardian has been appointed on her behalf.

The more important distinction between this case and the parties in *Lawber* and *Chamness* is in this case plaintiff is alive and could benefit from damages awarded for her injuries, whereas the injured minors in *Lawber* and *Chamness* sustained fatal injuries in the accidents. They had not survived to benefit from any compensation which may have been awarded. *Lawber*, 191 Ill. App. 3d at 324, 547 N.E.2d at 753; *Chamness*, 158 Ill. App. 3d at 326, 511 N.E.2d at 839.

■ The facts, *as presently developed*, do not establish Leasha's presence in defendant's truck the day the accident occurred was related to her family relationship with James. Perhaps her presence was related to her family relationship. However, it is not for us to speculate, and it was premature to grant defendant's motion for summary judgment. At this point, the duty owed to Leasha was the same duty owed to anyone riding in the milk truck. Suing Leasha's father's employer does not weaken family harmony and, because Leasha survives, she could directly benefit from any compensation received for the injuries she incurred as a result of the accident.

Leasha's injuries may have been incurred as a result of an accident unrelated to her familial relationship with her father. The par-

ent-child immunity doctrine does not automatically preclude her from bringing a claim against her father's employer, the defendant.

## IV. WAIVER OF DOCTRINE

■ Plaintiff argues in the alternative this court should conclude the parent-child immunity doctrine can be waived. She directs us to the first district ruling in *Perkins v. State Security Insurance Co.* (1989), 192 Ill. App. 3d 103, 104, 548 N.E.2d 568, 568-69, in which the minor plaintiffs filed an action against their mother's insurance company for injuries suffered as a result of a vehicular accident in which they were passengers of a vehicle driven by their mother.

The *Perkins* court reversed the trial court's grant of summary judgment to the mother's insurance company because the mother was not an uninsured motorist as to her children under her policy. It also reasoned because the defense of parent-child immunity was personal to the mother she could waive it and her insurance company could not assert it on her behalf to defeat the children's claim. *Perkins*, 192 Ill. App. 3d at 106-07, 548 N.E.2d at 570.

Defendant correctly notes Leasha did not assert a claim her father waived his immunity protections. Although this argument poses a question this district has not reviewed, we will not do so because it was not a basis for entry of the summary judgment order.

## V. CONCLUSION

This district recognizes an exception to the parent-child immunity doctrine when the injuries result from an activity outside and unrelated to the family relationship. No evidence was presented on this issue. The exception may be applicable. Further development of the facts is necessary. We reverse the trial judge's entry of summary judgment in favor of defendant and remand this case for further proceedings. We decline to address whether Leasha's father can waive immunity because this issue was not a factor in entry of the summary judgment.

Reversed and remanded.

McCULLOUGH and GREEN, JJ., concur.