BEN DAVIS, Adm'r of the Estate of Nicole Eleanor Konie, Deceased, Plaintiff-Appellant, v. HAROLD GRINSPOON *et al.*, as General Partners and Agents, d/b/a Birch Ponds Limited Partnership, and d/b/a Birch Ponds Apartments, *et al.*, Defendants-Appellees.

Second District No. 2—90—0775

Opinion filed April 22, 1991.

William P. Fearer III and William P. Fearer II, both of Fearer, Nye, Ahlberg & Chadwick, of Oregon, for appellant.

T. Patrick Rice, William A. Delaney II, and Thomas E. Mueller, all of Lindner, Speers & Reuland, P.C., of Aurora, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Ben Davis, administrator of the estate of Nicole Konie (decedent) appeals from the judgment of the circuit court which granted defendants' motion for summary judgment on all counts of the subject complaint. On appeal, plaintiff raises two issues, namely, that (1) the trial court erred in holding the parent-child immunity doctrine (doctrine) barred plaintiff's action; and (2) the court below erred in finding that there was no genuine issue of material fact.

David Konie (David), decedent's father, was employed by Johnson Real Estate Investors and worked at the Birch Ponds Apartments. Decedent was the daughter of David and Katherine Konie; she was born on August 30, 1984. The family lived at Birch Ponds Apartments. In the afternoon of February 29, 1988, David had been working on repairing a fence that had been damaged on the premises of Birch Ponds Apartment complex. After working on the fence, David proceeded in his vehicle to another building to speak with his supervisor. As a condition of employment at Birch Ponds Apartments, David was required to use his own vehicle.

On the way to speak with his supervisor, David saw his wife, Katherine, his son, Quinton (approximately 1½ years old at the time), and decedent walking along a sidewalk in the apartment complex. Katherine was carrying Quinton and holding decedent's hand. David briefly stopped the truck's forward motion by braking and placing the clutch in a neutral position for approximately 10 to 15 seconds to wave to his wife. David stopped his vehicle in a parking lane parallel to the curb. The passenger-side tires were against the curb. Katherine moved Quinton so he could wave to his father. At some point, decedent slipped from Katherine's grasp. During the 10 to 15 seconds that David waved at his wife and Quinton from a stationary position, he

did not see decedent. Nor did he hear anything other than a garbage truck to his left.

After David stopped waving, he pulled his truck away from the sidewalk and began driving to the building where his supervisor was to obtain additional work orders. Thereupon David felt the truck jump as if it had run over something. He looked in his rearview mirror and saw decedent lying on that part of the pavement wherein the parking spaces were situated. David then realized that he had struck decedent. The parties have stipulated that decedent died as a result of the collision involving the vehicle being driven by David on February 29, 1988.

At the time of the accident, David did not have a valid driver's license and was in violation of a local driving ordinance in the Village of Carol Stream. Also, David was not required to live in the apartment complex in order to work there.

Katherine testified that, when David's truck came to a stop, she and her children stopped walking. While the truck was stopped, Katherine picked up Quinton so he could wave to his father. Then, David waved and blew Quinton a kiss. David's truck was stopped in a parking area.

In plaintiff's second amended complaint, count I set forth a cause of action for wrongful death against Harold Grinspoon and Maurice Katz, as general partners and agents of Birch Ponds, Ltd., a partnership doing business as Birch Ponds Apartments; count II set forth a survival action against Harold Grinspoon and Harold Katz, as general partners and agents of Birch Ponds, Ltd., a partnership doing business as Birch Ponds Apartments; count III set forth a wrongful death action against Harold Grinspoon and Maurice Katz, as general partners and agents and doing business as Johnson Real Estate Investors; count IV set forth a survival action against Harold Grinspoon and Maurice Katz as general partners and agents and doing business as Johnson Real Estate Investors.

Defendants, Birch Ponds Ltd. Partnership, Harold Grinspoon, general partner of Birch Ponds Ltd. Partnership, Harold Grinspoon, general partner of Johnson Real Estate Investors, and Johnson Real Estate Investors, filed a motion for summary judgment on all counts of the second amended complaint. Said motion asserted that the cause of action was barred by the doctrine. After hearing arguments of counsel, the trial court granted said motion. This appeal followed.

■ Initially, plaintiff contends that the doctrine should not bar plaintiff's action against David's employer. We do not agree. As plaintiff concedes, said doctrine provides that a parent is immune from

negligence tort actions brought against him by his unemancipated minor child. (*Stallman v. Youngquist* (1988), 125 Ill. 2d 267.) Thus, plaintiff has no cause of action against David. Yet, plaintiff nevertheless argues that the doctrine should not be applicable where the estate of a minor child brings a cause of action against a parent's employer based upon a *respondeat superior* theory.

■ It is well settled that, where a suit is brought against an employer solely on the basis of an employee's alleged negligent acts, the employer's liability is entirely derivative. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507.) Consequently, where the employee is not liable, then it follows that the employer cannot be found liable. (*Kirk*, 117 Ill. 2d at 533.) As we have found that plaintiff has no cause of action against the employee (David), his cause of action against David's employer cannot stand.

Plaintiff's reliance upon *Tallios v. Tallios* (1952), 345 Ill. App. 387, is misplaced. *Tallios* does not involve the subject doctrine. Rather it deals with spousal immunity. Conversely, in *Meece v. Holland Furnace Co.* (1933), 269 Ill. App. 164, the only Illinois decision involving the application of the doctrine to a suit brought against a parent's employer, the court held that a plaintiff minor could not bring suit against his father's employer for damages suffered as the result of the father's allegedly negligent driving. Moreover, in *Mroczynski v. McGrath* (1966), 34 Ill. 2d 451, our supreme court cited *Meece* as authority for the existence of the subject doctrine and its adoption as Illinois public policy, thereby asserting *Meece*'s continued viability.

■ Plaintiff further argues that the doctrine should not apply in a suit brought against the parent's employer, because the public policy considerations which led to the establishment of the subject doctrine do not apply in an action against the parent's employer. Justifications for the doctrine include disruption of family harmony, encouragement of collusion, perjury and fraud, and impairment of parental authority and discipline. (*Chamness v. Fairtrace* (1987), 158 Ill. App. 3d 325, 327.) In *Chamness*, the court upheld the dismissal of a wrongful death action brought by the father of an unborn fetus against the mother for negligence. The court cited the doctrine as the basis for the dismissal and noted that the actual beneficiary of this tort action was not the deceased child, but rather the parents. The *Chamness* court found that the fact that the tort-feasor parent could benefit from his or her own malfeasance through the marital relationship diminished any deterrent effect which a tort action might have and served to encourage the collusion which the immunity doctrine was created to

eliminate. (See also *Lawber v. Doil* (1989), 191 Ill. App. 3d 323.) As the instant defendant argues, potential for collusion, perjury and fraud exists herein. Allowing plaintiff to bring this action against the employer would permit David, the tort-feasor parent, to benefit from his own negligence, a result which clearly runs afoul of the doctrine's intended purpose. Thus, contrary to plaintiff's assertions, public policy considerations are relevant in this cause of action.

■ Finally, plaintiff argues that we should look to those States which have allowed a child to bring a cause of action against a parent's employer under a *respondeat superior* theory, where an action against the parent would have been barred. We see no reason to do so, as the pertinent Illinois case law provides ample guidance.

We hold that in Illinois the estate of a deceased child cannot maintain an action against the parent's employer, under the *respondeat superior* doctrine, where an action against the parent is barred by the parent-child immunity doctrine.

■ Finally, plaintiff argues that the trial court erred in finding that there were no material issues of fact in dispute. Specifically, plaintiff argues that the facts presented in the record raise a genuine issue as to whether David's actions placed him within the scope of a family relationship immediately prior to the accident which took decedent's life. Plaintiff contends that the facts indicate that, even if he were in the family relationship immediately prior to the accident, by the time the accident occurred, he was no longer within the family relationship, having resumed his work-related activities. We do not agree. The entire circumstance which culminated in decedent's accidental death was clearly within the family relationship. Thus, the trial court properly found that no material issue of fact was in dispute.

Accordingly, for reasons stated above, we affirm the circuit court's judgment.

Affirmed.

UNVERZAGT and INGLIS, JJ., concur.