No. 2--97--0431    

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

MARCIA PATERSON, as Parent and ) Appeal from the Circuit Court

Next Friend of Jonathan ) of Kane County.

Lauchner, a Minor, )

)

      Plaintiff-Appellant, ) 

)

v. ) No. 96--L--87

) 

)

MARK LAUCHNER, Individually and ) 

as Agent and/or Employee of )

Dukane Farms, Inc., ) 

) Honorable 

) Timothy Q. Sheldon,

      Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Marcia Paterson, as parent and next friend of Jonathan Lauchner, appeals from the April 4, 1997, order of the circuit court of Kane County granting summary judgment in favor of Jonathan’s father, defendant Mark Lauchner.  Jonathan was struck and injured by a tractor being driven by the defendant in the course of his employment with Dukane Farms, Inc. (Dukane).  The trial court entered summary judgment on behalf of the defendant, ruling that he was immune from liability pursuant to the parent-child tort immunity doctrine.  On appeal, the plaintiff argues that (1) the defendant was not immunized from liability because the negligent operation of a tractor is not inherent to the parent-child relationship; (2) regardless of the defendant’s individual liability, Dukane is liable for Jonathan’s injuries as the defendant’s employer; and (3) the trial court committed reversible error by failing to consider the impact of liability insurance.  We affirm in part, reverse in part, and remand for further proceedings.

On February 22, 1996, the plaintiff filed her complaint in the circuit court of Kane County.  The complaint alleged that, on August 18, 1995, Jonathan Lauchner was injured by the left front wheel of a tractor that was being driven by the defendant.  As noted above, the defendant was allegedly operating the tractor in the course of his employment with Dukane.  Specifically, paragraph 6 of the complaint alleged that the defendant committed the following negligent acts:

“(a) operated and controlled [the] tractor at an unreasonable and unlawful speed ***; 

(b) negligently and carelessly failed to keep a proper lookout; 

(c) failed to keep the tractor under proper and sufficient, or any, control, so that it could be readily stopped;

(d) failed to properly supervise Jonathan Lauchner, of whom he had temporary custody, by allowing him to be in the vicinity of a dangerous vehicle; 

(e) otherwise negligently and carelessly maintained, operated, and controlled [the] tractor.”

On November 15, 1996, the defendant filed a motion for summary judgment, arguing that (1) there was no evidence that he had negligently maintained or operated the tractor; and (2) he was not liable for Jonathan’s injuries under the parent-child tort immunity doctrine.  In support of his motion, the defendant provided the transcript of his own deposition testimony as well as the transcript of the deposition testimony of his son Jonathan.

At the defendant’s deposition, he testified that on the date in question he had visitation rights with Jonathan and Aaron, his two sons, pursuant to a prior divorce decree.  He testified that he owned 50% of Dukane at the time of the accident.  On the day of the accident, he was hired to spray weeds with a tractor on Indian Trail Road and had brought Jonathan and Aaron to work with him.  

At approximately 2 p.m. on that date, the defendant had to move the tractor in reverse in order to complete the spraying procedure.  Prior to moving the tractor, he and his two sons got out of the tractor.  He took the two boys about 50 feet southeast of the tractor and told them to stay there.  Then, he began to back up in the tractor.  After 15 seconds, the defendant looked and saw that the two boys were in the same place.  He testified that, as he continued backing up, the left front tire of the tractor ran over Jonathan’s leg.  The tractor was traveling at a rate of speed under three miles per hour.

Jonathan testified that on the date in question he and his brother, Aaron, accompanied their father on a tractor to spray chemicals on some weeds on the side of a road.  At the time of the accident, Jonathan was 10 years old.  At one point, the defendant told Jonathan and Aaron that he was going to take the tractor to the other side of the road.  He told his sons to walk to the shade on the other side of the road and to stay out of the way.  Jonathan did not say anything to Aaron as the defendant moved the tractor.

Jonathan turned and watched the defendant as he “backed” the tractor.  Then, Aaron walked over to the tractor, and Jonathan followed, walking slowly.  Aaron never asked Jonathan to follow him.  Jonathan did not know that the tractor was beginning to turn towards him; he thought that the tractor was moving in a straight line.  As the tractor turned, it ran over his leg.  The defendant called for help, and Jonathan was taken to a hospital by ambulance.  He was placed in a body cast.

On January 21, 1997, the  plaintiff filed a response to the defendant’s motion for summary judgment, arguing that (1) there was sufficient evidence in the record to conclude that the defendant’s negligent operation of the tractor was the proximate cause of Jonathan’s injuries; and (2) the defendant was not immune from liability under the parent-child tort immunity doctrine because operating a tractor cannot be considered conduct inherent to the parent-child relationship.

On April 4, 1997, following oral argument, the trial court granted summary judgment in favor of the defendant.  The trial court explained its ruling as follows:

“In the case at bar, the court finds that *** [the defendant] was *** exercising his non-custodial visitation privileges with his child.  He took his child with him for a scheduled parent-child visitation.  During his visitation with his child, there existed the parental responsibility to exercise supervision over his child.  In exercising his supervision over his child during his visitation, the child violated the father’s instructions and left the father’s field of view and was injured.

This court finds that the [p]arent[-][c]hild [t]ort [i]mmunity [d]octrine applies under the situation in the case at bar ***.  This situation is inherent to the parent-child relationship of supervision of the child during a visitation time.  It constitutes an exercise of parental authority and supervision over the child.”   

On April 14, 1997, the plaintiff filed a notice of appeal.

The plaintiff first argues that, in light of our supreme court’s holding in 
Cates v. Cates
, 156 Ill. 2d 76 (1993), the trial court erred in granting summary judgment based upon the parent-child tort immunity doctrine.  She argues that the negligent operation of a tractor cannot be considered inherent to the parent-child relationship.

At the outset, we note that summary judgment is appropriate when the pleadings, depositions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  735 ILCS 5/2--1005(c) (West 1996).  The disposition of a summary judgment motion is not discretionary, and the standard of review is 
de
 
novo
.  
Quinton v. Kuffer
, 221 Ill. App. 3d 466, 471 (1991).  As the plaintiff herein does not allege that a genuine issue of material fact exists, our sole function is to determine whether judgment for the defendant was properly entered as a matter of law.  
Cates
, 156 Ill. 2d at 78. 

Pursuant to the doctrine of parent-child tort immunity, a parent is immune from liability in negligence tort actions brought against him by his minor children.  
Davis v. Grinspoon
, 212 Ill. App. 3d  282, 284-85 (1991).  Illinois courts have generally relied upon the following public policy considerations for the parent-child tort immunity doctrine: (1) the preservation of family harmony; (2) the discouragement of fraud and collusion; and (3) the preservation of parental authority and discipline.  
Cates
, 156 Ill. 2d at 92.

The continuing viability of the parent-child tort immunity doctrine was last considered by our supreme court in 
Cates v. Cates
, 156 Ill. 2d 76 (1993).  In 
Cates
, a suit was brought on behalf of a daughter against her father for injuries she received in an automobile collision.  
Cates
, 156 Ill. 2d at 77.  At the time of the accident, the daughter was riding as a passenger in an automobile driven by her father.  
Cates
, 156 Ill. 2d at 77.  After an examination of the evolution of the parent-child tort immunity doctrine in Illinois and other jurisdictions, the supreme court partially abrogated the doctrine.  The supreme court held that a child may recover against a parent for negligence, except in instances where the parent’s conduct is “inherent” to the parent-child relationship.  
Cates
, 156 Ill. 2d at 104.  The supreme court concluded that the test for determining whether immunity applies is “whether the alleged conduct concerns parental discretion in discipline, supervision and care of the child.”  
Cates
, 156 Ill. 2d at 104.  The supreme court explained its holding as follows:

“[W]e conclude that the immunity should afford protection to the parent-child relationship; such conduct constitutes an exercise of parental authority and supervision over the child or an exercise of discretion in the provision of care to the child.  These limited areas of conduct require the skills, knowledge, intuition, affection, wisdom, faith, humor, perspective, background, experience, and culture which only a parent and his or her child can bring to the situation; our legal system is ill-equipped to decide the reasonableness of such matters. 

***  Thus, under our standard, parental discretion in the provision of care includes maintenance of the family home, medical treatment, and supervision of the child.  A child may attempt to sue a parent alleging that the child fell on a wet, freshly mopped floor in the home, but the immunity would bar such an action because the parent was exercising his discretion in providing and maintaining housing for the child.”  
Cates
, 156 Ill. 2d at 104-05. 

Applying this test, the supreme court in 
Cates
 concluded that “the negligent operation of an automobile is not conduct inherent to the parent-child relationship.”  
Cates
, 156 Ill. 2d at 106.  In so ruling, the supreme court explained that the operation of an automobile does not represent a parent’s decision-making in disciplining, supervising or caring for his child.  
Cates
, 156 Ill. 2d at 106.  Rather, the court noted that the father in 
Cates
 owed a duty to drive carefully not only to his daughter, but to the public generally.  
Cates
, 156 Ill. 2d at 106.    

The plaintiff in the case at bar similarly argues that
 the negligent operation of a tractor does not constitute conduct inherent to the parent-child relationship.  We agree.  Under the 
Cates
 analysis, we believe that the negligent operation of any vehicle, whether it is an automobile or a tractor, is not conduct inherent to the parent-child relationship.  See 
Cates
, 156 Ill. 2d at 106.  Such conduct does not involve a parent’s decision-making role in disciplining, supervising, or caring for his child.  See 
Cates
, 156 Ill. 2d at 106.  Rather, 
as in 
Cates
, the defendant owed a duty not only to his son but to the general public to drive the tractor in a careful manner.  See 
Cates
, 156 Ill. 2d at 106.  Even though the defendant in the instant case may have been engaged, in addition to the operation of the tractor, in parental conduct at the time of the accident, we do not believe that this fact should absolve him of liability.  We therefore conclude that the parent-child tort immunity doctrine does not immunize the defendant from liability for his alleged negligent operation of the tractor.

In so ruling, we note that this court’s holding in 
Davis v. Grinspoon
, 212 Ill. App. 3d 282 (1991), is inconsistent with 
Cates
 and therefore must be overruled.  In
 
Davis
, this court held that a father’s employer was immunized from liability based upon the applicability of the parent-child tort immunity doctrine to the father.  
Davis
, 212 Ill. App. 3d at 286.  In that case, a girl was struck and killed by a motor vehicle being driven by her father in the course of his employment.  
Davis
, 212 Ill. App. 3d at 284.  The injury occurred when, while driving from one work site to another, the father saw his family walking along a sidewalk.  
Davis
, 212 Ill. App. 3d at 283.  As the father pulled over to greet his family, he struck his daughter.  
Davis
, 212 Ill. App. 3d at 283.  This court held that the parent-child tort immunity doctrine was properly applied in such a context, as the entire circumstance which culminated in the daughter’s death was within the family relationship.  
Davis
, 212 Ill. App. 3d at 286.   This holding is irreconcilable with the supreme court’s determination that the negligent operation of an automobile is not conduct inherent to the parent-child relationship.  See 
Cates
, 156 Ill. 2d at 106. 

Although we conclude that the defendant’s negligent operation of a tractor was not inherent to the parent-child relationship, we find that it was proper for the trial court to grant summary judgment on behalf of the defendant as to paragraph 6(d) of the complaint.  As mentioned above, paragraph 6(d) alleged that the defendant failed to properly supervise Jonathan by allowing him to be in the vicinity of a dangerous vehicle.  The supreme court in 
Cates
 expressly stated that the parent-child tort immunity doctrine continues to immunize the exercise of parental supervision over a child.  
Cates
, 156 Ill. 2d at 104-05.  As the conduct alleged in paragraph 6(d) concerns the defendant’s parental discretion in supervising Jonathan, we conclude that the trial court properly granted summary judgment to the defendant as to this particular allegation.  As our resolution of these issues is dispositive, we need not address the plaintiff’s remaining contention that the trial court committed reversible error by failing to consider the impact of liability insurance.

For the foregoing reasons, the judgment of the circuit court of Kane County granting summary judgment on behalf of the defendant as to paragraph 6(d) of the plaintiff’s complaint is affirmed.  The remainder of the trial court’s April 4, 1997, order granting summary judgment as to the remaining allegations of the plaintiff’s complaint is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

BOWMAN and RATHJE, JJ., concur.