THIRD DIVISION

September 29, 1999

No. 1-99-1031

MARTIN RANGEL, )   Appeal from the 

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. ) No. 96 L 11867

)

)

BROOKHAVEN CONSTRUCTORS, INC., ) Honorable

an Illinois Corporation, ) Kathy M. Flanagan,

) Judge Presiding.

     Defendant-Appellee. )

JUSTICE WOLFSON delivered the opinion of the court:

With the repeal of the Structural Work Act, a general contractor's liability for injury to an independent subcontractor's employee at a worksite will be based on common law negligence principles.  Still, the question of who controls the work must be answered before it can be said a duty exists to use reasonable care.

In this case, we find the trial judge correctly determined the general contractor owed no duty to the independent contractor's employee.

FACTS

Lincoln Lofts, Inc. (Lincoln) owned the building located at 3151 North Lincoln Avenue in Chicago.  In an effort to rehab the property into lofts for sale, Lincoln entered into a contract with Brookhaven Constructors, Inc. (Brookhaven).  Brookhaven, as general contractor, entered into contracts with several subcontractors, including Drywall Services, Inc. (Drywall).

Drywall, according to its contract with Brookhaven, was to  provide all labor, materials, tools, plant, equipment, competent full-time supervision and services, and "do all things necessary for the proper performance, installation, construction and completion of all the 
Steel Studs and Gyp board
 hereinafter called the `Work' under and in accordance with the General Contract ***." (Emphasis in original.)

At about 8 a.m. on August 28, 1996, 26-year-old Martin Rangel (Rangel) arrived at the Lincoln Lofts project.  Rangel was employed by Drywall as a drywall hanger -- a job he had done for various employers over the past six years.  When Rangel arrived at the worksite he reported to his supervisor, Francisco Morphin, and was given his work assignment.  Rangel was told to work on a scaffold, which Drywall constructed two days earlier.  The scaffold was located at the rear entrance of the Lincoln Lofts building, on a ramp leading to the underground garage.  The scaffold was a large structure, 10-15 feet tall and consisting of three towers joined by wooden planks.  The scaffold had been leveled and braces were added to keep the scaffold from slipping down the ramp.

On August 27, 1996, the previous day, Rangel and his co-

workers worked on the scaffold all day, putting up drywall on the ceiling.  This day, Rangel used the same scaffold, which had not been moved, to put up dry wall on the walls.

Rangel said Morphin instructed him on the morning of August 28th regarding the installation of the drywall.  Morphin told Rangel he should step on the braces that extended out from the scaffold when it was necessary to maneuver the drywall into place.

Rangel did as he was instructed.  As he assisted in positioning the drywall, Rangel stepped down on brace 1 and brace 2 without incident.  However, when he stepped onto the third brace it gave way and Rangel fell 7-10 feet to the concrete floor below.  Rangel lost consciousness when he fell and suffered a basal skull fracture.  He also suffered a broken left arm and a broken finger on the right hand.

Rangel brought suit against Brookhaven, the general contractor for the Lincoln Lofts project.  Relying on section 414 of the Restatement (Second) of Torts, Rangel contended Brookhaven owed him a duty of care, which it breached by failing to inspect the scaffold and/or by failing to warn him of the dangerous condition the scaffold presented.

Brookhaven filed a motion for summary judgment, claiming it owed no duty to Rangel, the employee of an independent contractor.  The trial court granted the motion and Rangel brought this appeal.

DECISION
 

Rangel's cause of action against Brookhaven is premised on common-law negligence.  In any action for negligence, the plaintiff must present sufficient evidence to establish the defendant owed a duty to the plaintiff.  
Wojdyla v. City of Park Ridge
, 148 Ill. 2d 417, 592 N.E.2d 1098 (1992); 
Rogers v. West Construction Co.
, 252 Ill. App. 3d 103, 623 N.E.2d 799 (1993).   Whether a duty exists is a question of law to be decided by the court, and if no duty exists there can be no recovery.  
Schoenbeck v. Du Page Water Comm'n
, 240 Ill. App. 3d 1045, 607 N.E.2d 693 (1993).  We review the trial court's grant of summary judgment in favor of Brookhaven under a 
de novo
 standard.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102, 607 N.E.2d 1204 (1992).

As a general rule, one who employs an independent contractor is not liable for the acts or omissions of the latter.  
Gomien v. Wear-Ever Aluminum, Inc.
, 50 Ill. 2d 19, 276 N.E.2d 336 (1971); 
Pasko v. Commonwealth Edison Co.
, 14 Ill. App. 3d 481, 302 N.E.2d 642 (1973).  Section 414 of the Restatement (Second) of Torts, a recognized expression of Illinois law, provides an exception to the general rule.  See 
Larson v. Commonwealth Edison Co.,
 33 Ill. 2d 316, 211 N.E.2d 247 (1965). 

Section 414 of the Restatement (Second) of Torts states:

"One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to 
exercise his control
 with reasonable care."  (Emphasis added.)  Restatement (Second) of Torts § 414 (1965).

The "retained control" concept is explained in comment (c) to section 414, which states:

   "In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done.  It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations.  Such a general right is usually reserved to employers, but it 
does not mean that the contractor is controlled as to his methods of work, or as to operative detail.  There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.
"  (Emphasis added.) Restatement (Second) of Torts § 414, comment c, at 388 (1965).

In the present case, the subcontract agreement between Drywall and Brookhaven provided:

"The General Contractor shall have the right to exercise complete supervision and control over the work to be done by the Subcontractor, but such supervision and control shall not in any way limit the obligations of the Subcontractor."

Rangel, citing 
Sobczak v. Flaska
, 302 Ill. App. 3d 916, 706 N.E.2d 990 (1998), contends this contract, along with affidavits presented to the trial court, raised a fact question on whether Brookhaven exerted sufficient control over Drywall to be held liable.  We disagree.

In 
Sobczak
, there was evidence the injured employee was working under the direct supervision of the property owner (Flaska), who listed himself as general contractor on the permit for renovations at his home.  The evidence showed Flaska "told Sobczak what to do and how to do it, or passed such information through others."  
Sobczak
, 302 Ill. App. 3d at 923.

In this case, Brookhaven's reservation of the right of supervision over Drywall is a general right.  It does not refer, directly or indirectly, to a right to direct the installation of drywall or the erection of the scaffold.

There is no evidence to suggest Drywall was not entirely free to perform the work in its own way.  The evidence showed Brookhaven never directed the "operative details" of the work performed by Drywall and Rangel.  Drywall, not Brookhaven, supplied the scaffold on which Rangel worked.  A Drywall supervisor, not Brookhaven, directed Rangel to utilize the braces when necessary for positioning the drywall.  This unsafe method of performing the work, which led to Rangel's injury, was proposed by Rangel's employer just hours before the accident.  Here, as in 
Bezan v. Chrysler Motors Corp
., 263 Ill. App. 3d 858, 864, 636 N.E.2d 1079 (1994), there is nothing to suggest that the general contractor "knew or had notice of the hazardous method employed within this restrictive time period."

We find there can be no liability imposed on Brookhaven because, as the court said in 
Fris v. Personal Products Co.
, 255 Ill. App. 3d 916, 924, 627 N.E.2d 1265 (1994), "[the employer] controlled the ends, [the independent contractor] was responsible for the means by which those ends were achieved."  That is,
 even where the employer or general contractor retains the right to inspect the work done, orders changes to the specifications and plans, and ensures that safety precautions are observed and the work is done in a safe manner, no liability will be imposed on the employer or general contractor unless the evidence shows the employer or general contractor retained control over the "incidental aspects" of the independent contractor's work.  
Fris
, 255 Ill. App. 3d at 924.  
See also, 
Steuri v. Prudential Insurance Co. of America
, 282 Ill. App. 3d 753, 668 N.E.2d 1066 (1996)(summary judgment proper where it is shown the employer delegated responsibility for the details of the work to the independent contractor); 
Rogers v. West Const. Co.
, 252 Ill. App. 3d 103, 623 N.E.2d 799 (1993)(no liability found under section 414 of the Restatement when the responsibility of the general contractor is primarily focused on checking daily progress, not supervising the manner in which work was done).

CONCLUSION

We agree with the trial court that under the circumstances of this case the section 414 exception does not apply.  Brookhaven owed no duty to Rangel, an employee of the independent contractor, Drywall.  We find summary judgement in Brookhaven's favor was proper.  We affirm the order granting Brookhaven's motion for summary judgment.

AFFIRMED.

Cerda, and Burke, JJ., concur.