1 March 2000

No. 3--99--0183

                                                                 

 

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2000

DENNY BROOKS, ) Appeal from the Circuit Court 

 ) of the 10
th Judicial Circuit

Plaintiff-Appellant, ) Tazewell County, Illinois

 ) 

v. )

 ) No. 97--L--55 

MIDWEST GRAIN PRODUCTS ) 

OF ILLINOIS, INC., ) Honorable 

 ) John A. Barra 

Defendant-Appellee. ) Judge, Presiding

                                                                 

JUSTICE BRESLIN delivered the opinion of the court:

                                                                  
 

Plaintiff Denny Brooks filed this negligence suit against defendant Midwest Grain Products of Illinois, Inc. (Midwest Grain or Midwest), following an accident in which Brooks was injured.  Relying on our decision in 
Fris v. Personal Products Co.
, 255 Ill. App. 3d 916, 627 N.E.2d 1265 (1994),
 the trial court issued summary judgment to Midwest, finding that Midwest did not owe Brooks a duty of care.  However, material issues of fact exist with respect to whether Midwest retained sufficient control of the work in which Brooks was engaged when he fell.  Consequently, we reverse
 and remand for further proceedings to determine whether Midwest owed Brooks a duty of care.

At the time of the events surrounding this litigation, Brooks worked as an ironworker for General Power Construction Company (General Construction or General).  General Construction and Midwest Grain had a long-standing relationship whereby General performed construction work for Midwest at its processing facility.  While engaging in welding work to install an engine mount on a barge terminal, Brooks fell approximately 20 feet from a suspended platform.  He was not wearing a safety harness, despite a General Construction safety rule that required him to do so.

Brooks subsequently sued Midwest for negligence and for violation of the Structural Work Act 
(740 ILCS 150/1 
et
 
seq.
 (West 1994)(Repealed by Pub. Act 89-2, §5, eff. February 14, 1995)).  The trial court dismissed the  
Structural Work Act
 count with prejudice and Brooks does not contest that dismissal here.  
Midwest filed a motion for summary judgment on the negligence count, arguing that Midwest lacked a duty to Brooks because it did not retain sufficient control over General Construction’s work.
 

Through discovery depositions of several witnesses the following information was revealed.

Midwest promulgated a set of safety rules that it imposed upon General Construction and General’s employees.  Midwest’s enforcement authority included its ability to stop work at the jobsite if its safety rules were not followed.  Midwest also assigned a project engineer to oversee each General Construction project.  At the time of Brooks’s accident, one of these project engineers, Al Harris, was present.  

Harris stated that on the day of the accident he was summoned to the area where Brooks was working in order to answer a question as to 
how the work was to be performed.  He was at the location for a few minutes and was about to leave when Brooks fell.  
Other deposition testimony revealed 
that General Construction could not perform any burn work or welding without first obtaining a burn permit from Midwest.  General had applied for and received a permit to perform the burn work in which Brooks was engaged when he fell. 

General instructed its employees on how to perform their assignments.  An addendum to the contract in effect between Midwest Grain and General Construction provides that General was "responsible for the exact manner of carrying out the job assigned, for supplying its own tools, and for supplying persons to direct and control the manner of carrying out the job."

Following a hearing, the trial court granted summary judgment to Midwest.  
We review Brooks’ appeal on a 
de
 
novo
 basis. See 
Paterson v. Lauchner
, 294 Ill. App. 3d 455, 690 N.E.2d 1048 (1998) (a trial court’s issuance of summary judgment is reviewed 
de
 
novo
)
.

As a general rule, one who employs an independent contractor is not liable for the act or omissions of the latter. 
Rangel v. Brookhaven Constructors, Inc.
, 307 Ill. App. 3d 835, 719 N.E.2d 174 (1999).  A recognized exception to this rule is articulated in section 414 of the Restatement (Second) of Torts (Restatement). Restatement (Second) of Torts §414 (1965).
  Under this exception, one who employs an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others that is caused by the employer’s failure to exercise his control with reasonable care. Restatement (Second) of Torts §414 (1965).

Brooks maintains that, at the very least, a genuine issue of material fact exists with respect to whether Midwest retained such control over General’s work.  Based on our careful review of the record and the posture of this cause as it comes to us on review of summary judgment to Midwest, we agree.  

Summary judgment is appropriate only when the pleadings, depositions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 1998).  If any facts upon which reasonable persons may disagree are identified, or inferences may be fairly drawn from those facts leading to different conclusions, the motion must be denied and the resolution of those facts and inferences must be made at trial. 
Blankenship v. Dialist International Corp.
, 209 Ill. App. 3d 920, 568 N.E.2d 503 (1991).  In other words, in order for summary judgment to be granted, the right of the moving party must be clear, free from doubt and determinable solely as a matter of law. 
Claudy v. City of Sycamore
, 170 Ill. App. 3d 990, 524 N.E.2d 994 (1988).

In this case, the trial court awarded summary judgment to Midwest despite the fact that
, under the retained control exception, an employer need only retain the control of any part of the work in order to be subject to liability for a failure to exercise his control with reasonable care. Restatement (Second) of Torts §414 (1965).
  Having reviewed the record, we believe material facts are at issue as to whether Midwest retained sufficient control over the burn and welding work.  We know that Midwest required a permit before burn work could take place and that Harris, a Midwest project engineer, was present at the time of the accident.  We are concerned by Harris’s testimony that 
he was present at the scene in order to answer a question as to 
how the work was to be performed.  It is reasonable to infer from this testimony that Brooks could not proceed with his duties until he received confirmation from Harris that he was performing the work correctly.   We are also mindful of the fact that Harris clearly observed Brooks working on a suspended platform without a safety harness.
  One thing we do not know is whether Harris had the authority to direct Brooks to don a harness.  Given the state of the evidence, the trial court improperly determined that no material facts were at issue and improperly awarded summary judgment to Midwest.  It is for a jury to decide whether Midwest retained enough control over Brooks’s work to be held liable for his accident.  See 
Claudy
, 170 Ill. App. 3d at 998, 524 N.E.2d at 999.
   

Resisting this conclusion, Midwest relies on our decision in 
Fris v. Personal Products Co.
, 255 Ill. App. 3d 916, 627 N.E.2d 1265 (1994).  In 
Fris
, like this case, the plaintiff was injured while doing work as an employee of a subcontractor hired by the defendant, the owner of the premises on which the accident occurred.
  Specifically, Midwest refers to that portion of our 
Fris
 opinion in which we stated that in order for a property owner’s activities to give rise to a duty, the owner must control the "routine and incidental aspects" of the contractor’s work. 
Fris
, 255 Ill. App. 3d at 924, 627 N.E.2d at 1270.  While Brooks argues that this holding is overly broad, we need not reach that contention because
 the procedural posture of 
Fris
, when we issued our opinion therein, is inapposite to the posture of this case.

Unlike this case, in 
Fris
 the question of whether a duty on the part of defendant existed was allowed to go to the jury.  The jury found in plaintiff’s favor.  On review, the appellate court 
held that plaintiff had not presented any evidence at trial of the type of control necessary to assign a duty to defendant as a matter of law and, therefore, it directed the trial court to enter a judgment 
non
 
obstante
 
verdicto
. 
Fris
, 255 Ill. App. 3d at 925, 627 N.E.2d at 1270.
  In the case at bar, the question of whether Midwest owed a duty to Brooks has not been presented to a jury.  Yet, Brooks has sufficiently alleged the existence of a duty and material issues of fact remain so as to avoid summary judgment at this stage.  Whether Brooks submits enough evidence to establish the existence of a duty is another question entirely and remains to be proven in our estimation. 

For the reasons stated above, the judgment of the circuit court of Tazewell County is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SLATER, P.J., and HOLDRIDGE, J., concur.