MARION D. BRILE, as Surviving Spouse and as Adm'r for Herself and the Next of Kin of Christopher Brile, Deceased, Plaintiff-Appellant, v. ESTATE OF MATTHEW BRILE, Deceased, *et al.*, Defendants-Appellees.

Second District   No. 2—00—0203

Opinion filed May 10, 2001.

934

William F. White, of White & White, of Downers Grove, for appellant.

Jeremiah P. Connolly and Ann C. Chalstrom, both of Bollinger, Ruberry & Garvey, of Chicago, for appellees.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiff, Marion D. Brile, as surviving spouse and as administrator for herself and the next of kin of Christopher Brile, deceased, filed suit in the circuit court of Du Page County against defendants, the estate of Matthew Brile, deceased, and Matthew Brile, personally. Plaintiff sought to recover damages allegedly sustained as a result of a single-vehicle accident in which defendant Matthew Brile was the operator of the vehicle and his father, Christopher Brile, was the passenger. The trial court granted summary judgment in favor of defendants on the basis of the parent-child tort immunity doctrine, and plaintiff timely appeals. We reverse and remand.

Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998). In adjudicating a summary judgment motion, a reviewing court must construe the evidence strictly against the movant and liberally in favor of the nonmoving party. *Williams v. Covenant Medical Center*, 316 Ill. App. 3d 682, 687-88 (2000). Summary judgment is a drastic means of resolving litigation and should be allowed only when the moving party's right to judgment is clear and free from doubt. *Petrovich v. Share Health Plan of Illinois, Inc.*, 188 Ill. 2d 17, 31 (1999), citing *Colvin v. Hobart Brothers*, 156 Ill.

2d 166, 169-70 (1993). We conduct a *de novo* review of an order granting summary judgment. *Petrovich*, 188 Ill. 2d at 30; *Williams*, 316 Ill. App. 3d at 688.

In the present case, plaintiff's cause of action is based solely on negligence. Because plaintiff did not aver any allegations of willful and wanton misconduct in her complaint (see *Nudd v. Matsoukas*, 7 Ill. 2d 608 (1956)), our review focuses upon whether plaintiff's action is barred by the parent-child tort immunity doctrine.

■ The parent-child tort immunity doctrine bars a child from maintaining an action for damages against her or his parent and was first recognized in the case of *Foley v. Foley*, 61 Ill. App. 577 (1895). The parent-child tort immunity doctrine also bars parents from maintaining an action for damages against their children. *Marsh v. McNeill*, 136 Ill. App. 3d 616, 621 (1985). The public policy concerns behind the doctrine are (1) to avoid disrupting family harmony, (2) to avoid collusion, perjury, and fraud between family members, and (3) to avoid the impairment of parental authority and discipline. *Edgington v. Edgington*, 193 Ill. App. 3d 104, 105-06 (1990). Since *Foley*, Illinois courts have recognized exceptions to this general rule.

In *Schenk v. Schenk*, 100 Ill. App. 2d 199 (1968), a father sued his 17-year-old daughter for injuries he sustained while she was driving and negligently ran into him on the street; he was a pedestrian. The *Schenk* court found that the complaint did not suggest in any manner that the father in crossing the street or the daughter in operating the car was "to any extent performing a duty arising out of the family relationship or engaged in any enterprise having for its purpose the furtherance of the family relationship." *Schenk*, 100 Ill. App. 2d at 203.

In *Johnson v. Myers*, 2 Ill. App. 3d 844 (1972), a father on behalf of his children sued their mother for injuries they sustained when the mother drove her vehicle into a fence, tree, and telephone pole. The mother died subsequent to the accident. The reviewing court considered the public policy in maintaining harmony in the family and the other factors concerning the parent-child tort immunity doctrine. The *Johnson* court found that the family relationship was severed by the death of the alleged tortfeasor and held that tort immunity should not apply to the deceased mother. *Johnson*, 2 Ill. App. 3d at 846.

In the present case, both parties agree that the binding authority on the subject of parent-child tort immunity is the case of *Cates v. Cates*, 156 Ill. 2d 76 (1993). In *Cates*, our supreme court reaffirmed the viability of the parent-child tort immunity doctrine but abrogated its application in a limited number of circumstances. The child in *Cates*, four years old, was injured in an automobile collision that oc-

curred while she was a passenger in a car being driven by her father, and our supreme court concluded that the father was not immune from suit. The *Cates* court discounted the traditional policy of family harmony as a justification for the continued viability of the parent-child tort immunity doctrine. *Cates*, 156 Ill. 2d at 98-99. Rather, the court stated, "[t]he focus has shifted to a concern with preventing litigation concerning conduct intimately associated with the parent-child relationship." *Cates*, 156 Ill. 2d at 99. The court continued, "[t]he exceptions consistently demonstrate that where the family relationship is dissolved or where that relationship has ceased to exist with respect to conduct giving rise to the injury, the immunity will not be applied." *Cates*, 156 Ill. 2d at 99. The court explained that "the immunity exists only to further the parent-child relationship, and where that relationship is not impacted, the policies supporting the doctrine lose their persuasive strength." *Cates*, 156 Ill. 2d at 99.

In *Paterson v. Lauchner*, 294 Ill. App. 3d 455 (1998), this court concluded that the negligent operation of any vehicle by a parent, whether it is an automobile or tractor, was not conduct inherent to the parent-child relationship. *Paterson*, 294 Ill. App. 3d at 460-61. We reasoned that, because such conduct does not involve a parent's decision-making role in disciplining, supervising, or caring for the child, the parent should not be absolved under the parent-child tort immunity doctrine from liability for injuries to a child arising from negligence. *Paterson*, 294 Ill. App. 3d at 460.

■ The issue in the present case is whether a surviving parent may sue the deceased child's estate for the child's alleged negligence in operating a motor vehicle when accompanied by a parent, who is also deceased. For our review, in determining the applicability of the parent-child tort immunity doctrine to any given set of facts, the appropriate inquiry is "whether the alleged conduct concerns parental discretion in discipline, supervision and care of the child." *Cates*, 156 Ill. 2d at 104.

The stipulated facts in this case reflect that Matthew Brile would travel with his father from Chicago to Denver. It was also Christopher Brile's intent that they would alternate driving responsibilities. On September 26, 1992, at approximately 7 p.m., Christopher and Matthew Brile began their trip from Chicago to Denver. On September 27, 1992, at approximately 8 a.m., when Matthew Brile was driving the vehicle and Christopher was a passenger, they were involved in an accident that claimed both their lives. The Nebraska State Police investigated the accident and concluded that the accident was a result of driver fatigue or sleep.

■ We are persuaded by the rationale set forth in *Johnson*, that is,

when the family relationship has been dissolved by death, the policy supporting the doctrine of parent-child tort immunity ceases to exist. See *Johnson*, 2 Ill. App. 3d at 846. In the present case, the driver of the vehicle and his passenger both died as a result of the injuries they suffered in the accident. Therefore, the trial court's invocation of the parent-child tort immunity doctrine was erroneous because the family relationship had been severed by death.

Furthermore, a question of fact exists as to who was negligent and to what extent. According to *Cates*, "the negligent operation of an automobile is not conduct inherent to the parent-child relationship; such conduct does not represent a parent's decision-making in disciplining, supervising or caring for [her or] his child." *Cates*, 156 Ill. 2d at 106. The evidence in the present case is somewhat meager, as the parties who could have shed the most light on the circumstances of the case are deceased. However, under the limited circumstances of this case, we conclude the trial court erred when it granted summary judgment in favor of defendants in that plaintiff's right to recover against her son is not barred by the parent-child tort immunity doctrine. Our resolution of this issue obviates the need to address plaintiff's other issues on appeal.

For the foregoing reasons, we reverse the judgment of the circuit court of Du Page County and remand the cause for further proceedings consistent with this order.

Reversed and remanded.

McLAREN and GEIGER, JJ., concur.