FIRST DIVISION
February 11, 2008

No. 1-06-2653

| | | |
|---|---|---|
| JOHN WILKERSON, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL H. SCHWENDENER, INC., | ) | No. 03 L 6857 |
| | ) | |
| Defendant-Appellee and Third-Party Plaintiff | ) | |
| | ) | |
| (Monarch Construction Company, | ) | Honorable |
| | ) | Kathy M. Flanagan, |
| Third-Party Defendant). | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Plaintiff John Wilkerson appeals a trial court order granting summary judgment to defendant Paul H. Schwendener, Inc., on his complaint to recover from a construction site injury. Plaintiff maintains genuine issues of material fact exist with regard to whether: (1) defendant retained enough control over plaintiff's work to trigger a duty under section 414 of the Restatement (Second) of Torts (Restatement (Second) of Torts §414 (1965)); and (2) defendant knew of the dangerous condition that caused plaintiff's injury, triggering liability under section 343 of the Restatement (Second) of Torts (Restatement (Second) of Torts §343 (1965)). We reverse and remand for further proceedings.

Defendant was a general contractor hired to construct a retirement home in Glenview, Illinois. Defendant subcontracted with Monarch Construction Co. (Monarch) to perform carpentry work at the site. Monarch is not a party to this appeal. On January 20, 2003, plaintiff, a Monarch employee, was installing second-floor floor joists at the site. It is undisputed that plaintiff was working without fall protection by balancing on top of wall frames that were less than six inches wide and about nine feet above the ground. Plaintiff worked with another Monarch carpenter, Erik Bergl, who would manually lift the joists to plaintiff from the ground floor. Plaintiff would then place the joists on top of the walls to create the frame for the second-level floor. While performing this work, Bergl struck plaintiff with a floor joist, causing plaintiff to lose balance and fall. Plaintiff sustained injury to his left foot.

Plaintiff filed a negligence action against defendant on June 9, 2003. Plaintiff alleged defendant was negligent in failing to: (1) inspect the premises for dangerous conditions; (2) provide plaintiff with a safe place to work; (3) warn plaintiff of the dangerous condition that caused his injury; (4) supervise plaintiff's work properly; and (4) provide fall protection that would have prevented the injury. Defendant moved for summary judgment on the ground that plaintiff could not establish defendant owed him a duty of care. See Downs v. Steel & Craft Builders, Inc., 358 Ill. App. 3d 201, 204, 831 N.E.2d 92 (2005) (to prevail on a theory of negligence, a plaintiff must show the defendant owed him a duty of care). Defendant argued it did not retain sufficient control over plaintiff's work to trigger liability under section 414 of the Restatement. Defendant also argued it could not owe plaintiff a duty of care under section 343 of the Restatement because defendant had no knowledge of the dangerous condition that caused

plaintiff's injury. The trial court granted defendant's motion for summary judgment, finding as a matter of law that defendant did not owe plaintiff a duty of care under either section of the Restatement. Plaintiff appeals.

Summary judgment is proper where the pleadings, depositions, admissions and affidavits on file, when viewed in the light most favorable to the nonmoving party, reveal there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 20002); Home Insurance Co. v. Cincinnati Insurance Co., 213 Ill. 2d 307, 315, 821 N.E.2d 269 (2004). We review the entry of summary judgment *de novo* and may affirm on any ground appearing in the record. Home Insurance, 213 Ill. 2d at 315.

Plaintiff alleged in his complaint two theories of negligence. Plaintiff first maintained defendant was negligent because it had retained control over plaintiff's work and failed to exercise that control with reasonable care. This theory is commonly known as construction negligence and is governed by section 414 of the Restatement. See Restatement (Second) of Torts §414 (1965); Bokodi v. Foster Wheeler Robbins, Inc., 312 Ill. App. 3d 1051, 1058, 728 N.E.2d 726 (2000) (discussing the development of construction negligence in Illinois common law). Plaintiff also maintained defendant was negligent because it knew of the dangerous condition that caused plaintiff's injury, was in a position to safeguard against that condition and failed to act with reasonable care. This theory is know as premises liability and is governed by section 343 of the Restatement. See Restatement (Second) of Torts §343 (1965). We address each in turn.

As a general rule, one who employs an independent contractor is not liable for the acts or

omissions of the independent contractor.  Bieruta v. Klein Creek Corp., 331 Ill. App. 3d 269, 275, 770 N.E.2d 1175 (2002).  A recognized exception to this rule is articulated in section 414 of the Restatement, which reads:

> "One who entrusts work to an independent contractor, *but who retains the control of any part of the work*, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care."  (Emphasis added.)
> Restatement (Second) of Torts §414 (1965).

Section 414 commonly arises when a general contractor entrusts work to a subcontractor but superintends the job himself or through a foreman.  Restatement (Second) of Torts §414, Comment B, at 387-88 (1965).  Under these circumstances, the general contractor is subject to liability if he knows or reasonably should know that the subcontractor work is being performed in a dangerous manner and fails to exercise his power of control to stop the work.  Restatement (Second) of Torts §414, Comment B, at 387-88 (1965).  For the rule to apply, the general contractor:

> "[M]ust have retained at least some degree of control over the manner in which the work is done.  It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations.  Such a general right is usually reserved to [general contractors], but it does not mean that the [sub]contractor is controlled as to his methods of work, or as to

operative detail. There must be such a retention of a right of supervision that the [sub]contractor is not entirely free to do the work in his own way." Restatement (Second) of Torts §414, Comment C, at 388 (1965).

"The central issue is retained control of the independent contractor's work, whether contractual, supervisory, operational[] or some mix thereof." Martens v. MCL Construction Corp., 347 Ill. App. 3d 303, 318, 807 N.E.2d 480 (2004). Generally, whether a general contractor retained sufficient control to trigger liability under section 414 is a question of fact. Bokodi, 312 Ill. App. 3d at 1059. Only when the evidence presented is insufficient to create a factual question can the issue be decided as a matter of law. Bokodi, 312 Ill. App. 3d at 1059.

The parties dispute whether defendant retained enough control to trigger liability under section 414 of the Restatement. Here are the facts relevant to the dispute. Defendant entered into a contract with Monarch that required Monarch to: (1) comply with a list of 21 safety regulations prepared by defendant; (2) hold weekly safety meetings and submit minutes of those meetings to defendant; (3) prepare and submit to defendant for approval a "site specific safety plan"; and (4) attend defendant's weekly safety-related meetings. Monarch was responsible under the contract for providing all materials and labor for the contracted work, including all hoisting and scaffolding materials. Monarch was also responsible for supervising its own employees.

Defendant had three supervisory employees on site with discretionary authority to stop Monarch's work if the work was being performed in a dangerous manner. A December 12, 2002, letter from defendant to Monarch illustrates defendant's authority to stop Monarch's work in the event of a safety hazard. The letter reads in part:

"This is *totally unacceptable. [Defendant] will not tolerate a lack of focus on Safety from any of our subcontractors!* This is your wake up call!!! As you may recall, we had a meeting on November 5th, at the jobsite, and several issues regarding Safety were brought up for discussion and identified. One item that you and I had a specific conversation on was your safety plan on how your employees will be utilizing a fall protection plan while erecting the wall panels, joists and sheeting the roof areas. At that time you assured me that your safety director would be involved at the job. Apparently he's not doing his job because there should have been a slide board every 8" according to Page 2 of Monarch's fall protection plan ***.

The bottom line is this[:] Monarch either gets [its] safety program in order or we *WILL STOP* you from continuing until it is. *** We will monitor Monarch's operation very closely and will not hesitate to stop work just as we did this morning when a questionable issue on safety arises." (Emphasis in original.)

Monarch's own fall protection plan required installation of railings around all wall or floor openings with a drop exceeding six feet. There was testimony that a rail in the location where plaintiff fell was unfeasible. There was also testimony that fall protection could have been implemented by placing plywood on top of the wall frames to provide a platform on which plaintiff could have stood.

Defendant argues this evidence is insufficient to create a question of fact under section 414 of the Restatement. Defendant cites as support for its position <u>Joyce v. Mastri</u>, 371 Ill. App.

3d 64, 861 N.E.2d 1102 (2007), <u>Rangel v. Brookhaven Constructors, Inc.</u>, 307 Ill. App. 3d 835, 719 N.E.2d 174 (1999), and <u>Martens</u>, 347 Ill. App. 3d 303.

The plaintiff in <u>Joyce</u> was injured when he fell off a ladder at a construction site. <u>Joyce</u>, 371 Ill. App. 3d at 66. A contract between the plaintiff's employer, EGM, and the general contractor on the site required EGM to provide all labor and materials for the work and to take reasonable safety precautions. <u>Joyce</u>, 371 Ill. App. 3d at 74-75. The general contractor was prohibited under the contract from giving orders or instructing EGM employees. <u>Joyce</u>, 371 Ill. App. 3d at 75. A representative of the general contractor would visit the site to evaluate construction progress about three days a week. <u>Joyce</u>, 371 Ill. App. 3d at 70, 75. The representative did not observe safety violations or hold safety meetings. <u>Joyce</u>, 371 Ill. App. 3d at 75. There was no evidence in that case that the general contractor directed the operative details of EGM's work or that EGM was not free to perform the contracted work in its own way. <u>Joyce</u>, 371 Ill. App. 3d at 76. The court affirmed summary judgment for the general contractor under these facts. <u>Joyce</u>, 371 Ill. App. 3d at 76. The court reasoned that summary judgment was appropriate because EGM was contractually responsible for jobsite safety and the general contractor retained only a general right of supervision. <u>Joyce</u>, 371 Ill. App. 3d at 74-76. The parties' actions on the jobsite were consistent with their contractual obligations. <u>Joyce</u>, 371 Ill. App. 3d at 74-76.

The plaintiff in <u>Rangel</u> was injured when he fell from a scaffold while hanging drywall. <u>Rangel</u>, 307 Ill. App. 3d at 837. The contract between the plaintiff's employer, Drywall Services, Inc., and the general contractor at the work site provided that Drywall Services would be

7

responsible for providing all labor and materials for the job. Rangel, 307 Ill. App. 3d at 836. Drywall Services provided and set up the scaffold from which the plaintiff fell. Rangel, 307 Ill. App. 3d at 837. Drywall Services also instructed the plaintiff on how to perform the work, including the unsafe manner in which the plaintiff was to use the scaffold. Rangel, 307 Ill. App. 3d at 837. In affirming summary judgment for the general contractor, the court held there was no evidence that the general contractor directed the operative details of the work performed by Drywall Services. Rangel, 307 Ill. App. 3d at 839-40. With regard to the plaintiff's injury specifically, the court noted it was Drywall Services, and not the general contractor, that directed the plaintiff to perform the work in the unsafe manner that led to his injury. Rangel, 307 Ill. App. 3d at 839.

The plaintiff in Martens was injured when he tripped on a steel beam and fell two stories. Martens, 347 Ill. App. 3d at 308. The contract between the plaintiff's employer and the general contractor on the site required the employer to provide the labor and materials to complete the job and to submit for approval by the general contractor a safety plan. Martens, 347 Ill. App. 3d at 307-08. The general contractor was responsible for initiating and supervising its own safety program that included identifying safety violations at the work site. Martens, 347 Ill. App. 3d at 316. The general contractor did not have authority to stop work or supervise the subcontractor's employees. Martens, 347 Ill. App. 3d at 317. The court affirmed summary judgment for the defendant general contractor under these facts. Martens, 347 Ill. App. 3d at 306.

Plaintiff argues these cases are distinguishable because the facts here are not as clear cut. Plaintiff contends these facts are more closely aligned with the facts in Bokodi, where this court

held a genuine issue of material fact existed and reversed summary judgment in favor of the defendant general contractor.

The plaintiff in Bokodi was injured while lifting sheets of metal siding. Bokodi, 312 Ill. App. 3d at 1054. The general contractor on the site held weekly safety meetings and had discretionary authority to stop the work of subcontractors if it believed the work was being performed in an unsafe manner. Bokodi, 312 Ill. App. 3d at 1053-54. The contract between the plaintiff's employer and the general contractor required that the employer comply with 29 different safety measures and procedures. Bokodi, 312 Ill. App. 3d at 1063. The general contractor employed a full-time safety manager to ensure subcontractor compliance with these safety standards. Bokodi, 312 Ill. App. 3d at 1063. Despite contractual language that the plaintiff's employer maintain control of its work and the safety of its employees, the general contractor "went to great lengths to control the safety standards at the work site." Bokodi, 312 Ill. App. 3d at 1063. The court held these facts established as a matter of law that the general contractor retained sufficient control to trigger liability under section 414 of the Restatement and reversed summary judgment. Bokodi, 312 Ill. App. 3d at 1064.

We agree with plaintiff that the facts here more closely resemble Bokodi than the cases cited by defendant. Although the contract between Monarch and defendant seemingly left to Monarch control of the operative details of its work and the safety of its employees, defendant's actions on the jobsite show defendant retained more than a general right of supervision. The best evidence of this is the December 12, 2002, letter asserting defendant's discretionary authority to stop Monarch's work. Other evidence of defendant's retained control includes Monarch's

contractual obligation to attend safety meetings and comply with defendant's list of 21 safety procedures. Monarch was also required to submit for defendant's approval a site-specific safety plan and minutes of Monarch's own weekly safety meetings. Summary judgment under these facts was improper.

We now consider whether summary judgment was properly granted on plaintiff's premises liability theory. A possessor of land can be liable for physical harm caused to his invitees by a dangerous condition on the land *if* the defendant knew or should have known that the condition involved a reasonable risk of harm. Restatement (Second) of Torts §343 (1965). Defendant argues summary judgment in its favor was proper because plaintiff cannot show that defendant knew or should have known of the dangerous condition that caused the injury. Defendant focuses on the cause of plaintiff's injury, insisting it was due to poor communication between plaintiff and Bregl, of which defendant had no knowledge. Defendant relies on plaintiff's deposition testimony that his fall would not have occurred if Bergl had been more careful and patient.

Although Bergl might share fault, plaintiff's complaint alleges negligence by defendant in failing to provide fall protection. The issue, as framed by plaintiff's complaint and theory of the case, is whether defendant knew of the dangerous condition created by installing floor joists by balancing on narrow wall frames nine feet above the ground without fall protection. The record shows, and defendant does not dispute, that it knew plaintiff was balancing on narrow wooden beams nine feet above the ground to lay floor joists. Defendant's own safety regulations, which applied to all subcontractor employees, required fall protection for work performed at a height

10

greater than six feet. Defendant disputes whether the regulations applied to carpentry work. Although it is undisputed that federal occupational health and safety regulations require fall protection when working at a height greater than six feet in residential construction (see 29 C.F.R. §1926.501(b)(13) (2003)), the parties dispute whether the retirement home is "residential" for purposes of the federal regulation. The parties also dispute what, if any, fall protection could have been provided. We find, under these facts, an issue of fact exists that should have precluded summary judgment to defendant.

The judgment of the circuit court is reversed and the cause is remanded for further proceedings consistent with this order.

Reversed and remanded.

WOLFSON and R. GORDON, JJ., concur.